Parker, J.
As at present advised, I do not consider a nolle prosequi a sufficient bar to a future indictment for the same offence.
Sewall, J.
A nolle prosequi is often entered by the attorney for the government, on discovering some informality in his indictment. I consider that it applies to the particular indictment only, and not to the offence.
Sedgwick, J.
A nolle prosequi cannot be considered as equivalent to a pardon. But, if it were, by our constitution, a pardon granted by the executive will not avail the party pleading it before conviction. I think it has been held that a nolle prosequi is not a bar even to the indictment on which it is entered, though I believe this opinion has been since overruled. But I do not hesitate to say that it is no bar to an after-indictment for the same offence.
Parsons, C. J.
The plea in bar is not good unless a nolle pro sequi amounts either to a pardon or to an acquittal. It cannot be considered as having the effect of a pardon, because, by our constitution, the governor, with the advice of the council, has .the sole power of granting pardons; and he cannot have this power until after conviction.
Neither can a nolle prosequi be deemed an acquittal. This was adjudged in the case of Goddard vs. Smith. (1) The plaintiff sued a writ of conspiracy against Smith 8f Al. for maliciously indicting him of barratry, without probable cause, of which he was, debita *168 modo, acquitted. On producing the record, it appeared [ * 174 ] *that the plaintiff was discharged of the indictment by a nolle prosequi; and the Court held he was not acquitted. As the writ of conspiracy must pursue the register, and allege the plaintiff to have been acquitted, case for a conspiracy has been substituted, in which the plaintiff is not holden to allege that he was acquitted, but may declare according to the truth of his case.
The practice of entering a nolle prosequi to informations is very ancient; but to indictments it began in the latter end of the reign of Charles 2, and was then much complained of. But when it is entered to a defective indictment, on which no legal judgment can ne entered, there can be no cause to complain. For although the defendant may be tried on another indictment, so he may also after judgment is arrested on an insufficient indictment.
I observe in the bar, the nolle prosequi is alleged to have been entered by the advice of the Court of Common Pleas. Certainly, the court are not legally competent to give any advice on this subject. ' The power of entering a nolle prosequi is to be exercised at the discretion of the attorney who prosecutes for the government, and for its exercise he alone is responsible.

Judgment that the plea in bar is bad.

 6 Mod. 262.