THE PEOPLE *against* CASBORUS.

THE defendant was indicted at the court of general sessions of the peace, held in and for the county of *Rensselaer*, in *February* last, for stealing certain promissory notes. The defendant pleaded, in bar, that, at the preceding *November* term, of the court of general sessions, &c., he was indicted for felony, and was tried and convicted by the jury; and that, afterwards, on a motion in arrest of judgment, the court of general sessions arrested the judgment, and discharged the defendant from that indictment. To this plea the district attorney demurred; and, at the court of oyer and terminer, held in the county of *Rensselaer*, the plea in bar was overruled by the court, and the defendant was afterwards tried, in that court, upon the plea of not guilty, and convicted of the felony charged in the indictment, and sentenced to imprisonment for seven years in the state prison.

The court of general sessions arrested the judgment on the first indictment, on the ground of its being defective; and the present indictment, on which the defendant was tried and convicted, was, in every respect, precisely similar to the first.

*The arresting of judgment, after a conviction on an indictment for a felony, is not a bar to a second indictment for the same offence, although the second indictment is precisely similar to the first.*

SPENCER, J., delivered the opinion of the court. The defendant, on his arraignment, pleaded, that he had before been indicted, tried, and convicted for the same felony; that, upon his motion, the judgment had been arrested, and that he had been discharged from that judgment. It is admitted, that the former, and present, indictment, are, in every respect, similar. To this plea the district attorney demurred; the plea was overruled, and the defendant was thereupon tried and convicted, and sentenced to imprisonment in the state prison.

It was decided, in the case of *The People* v. *Barret & Ward,* (1 *Johns. Rep.* 66.,) that a person, after an acquittal, might be indicted and tried the second time, if the first indictment was erroneous, so that no good judgment could be given upon it; and where a court of competent jurisdiction arrest a judgment at the instance of the defendant, it must be intended, legally, that the indictment was vicious, for the judgment cannot be re-

viewed on a writ of error; as an arrest of judgment is a mere refusal, on the part of the court, to give judgment, every court is bound to pay that respect to a court of co-ordinate jurisdiction, as to presume its judgment to be according to law, when it is presented for consideration collaterally.

The effect of arresting a judgment is the same as quashing an indictment; the latter happens before trial, the former after; and, in this case, it appears to me, that as no writ of error could be brought upon the decision of the court of sessions arresting the judgment, that proceeding is not a bar to any other for the same matter. In analogy to civil cases, the arrest of judgment cannot be pleaded in bar to another prosecution for the same matter, because there is no judgment of the court susceptible of review.

It is stated here, that the two indictments are, in every respect, similar; but this is not so pleaded, and, if it had been, the consequence would be the same; as already observed, in this collateral way, we must presume, from the judgment being arrested, that the indictment was erroneous, and if erroneous, then a conviction would not bar another good indictment. It is in vain to say, either that the former indictment was good, or that this, being like it, must be holden to be bad also, because the other was adjudged to be bad. We must take it as a settled point, that the other indictment was bad, however the fact may be; and we are not to be told, that this is a bad indictment, merely on the authority of the sessions. We must see if it be bad, and this is not even pretended.

For these reasons, I think the plea of *auterfois acquit* was properly overruled, and such is the opinion of the court.