Daniel, Judge,
 

 after stating the case as above, proceeded’ as follows: In the case of the
 
 State
 
 v.
 
 Thompson,
 
 3 Hawks, 613, this court decided that the Attorney General has a discretionary power to enter a
 
 nolle prosequi,
 
 for the proper exercise of which he is responsible. The court never has interfered with the exercise of this power, though they certainly would do so if it were oppressively used. In the case of the
 
 Commonwealth
 
 v.
 
 Wheeler,
 
 2 Mass. Rep. 172, Parsons, Chief Justice, said that the power of entering a
 
 nolle prosequi
 
 is to be exercised at the discretion of the Attorney General, who prosecutes for the Government, and for its exercise he alone is responsible. Lord Holt to the same effect; 6 Mod. Rep. 262. If the Attorney General can enter a
 
 nolle priseqni
 
 to the whole indictment, he, in analogy to the practice in civil proceedings, must have the power to enter it
 
 *60
 
 to any count in the indictment; for each count should charge the defendants, as if they had committed a distinct offence. 1 Chitty’s Grim. Law 249, 479. The defendants having been discharged by the
 
 nolle prosequi
 
 from observing their day in court, on the second count, they then stood charged on the first count only; which is a good and sufficient indictment for larceny, and there was no ground ior the court
 
 to
 
 quash. We think the judgment must be reversed, and the defendants directed to be put upon their trial.
 

 Per, Curiam. Judgment reversed.