Caiiuthers, J.,
delivered the opinion of the Court.
After the jury was empannelled in this case, to try the defendant upon a charge of felony, in obtaining money by false pretences, the witnesses for the State sworn and put under rule, and one of them partly examined, the Attorney General discovering that the indictment was bad, moved the Court to allow him to enter a nolle prosequi, and discharge the jury, which was done. To this, the defendant, by attorney, objected, insisting upon his right to a verdict, and that being refused, demanded his discharge. But the Court ordered him into custody until a new and more perfect indictment could be sent before the grand jury; that being found, he entered into recognisance for his appearance, and was afterwards tried, and convicted, notwithstanding the ground before stated was relied upon, and the motion renewed to discharge the prisoner.
We are not aware that this precise question has been before this Court, or that it has been in any way settled in our practice. The Constitution, article one, section ten, forbids that any person shall, “ for the same offence, be twice put in jeopardy of life or limb.” We have very recently had occasion to *689 construe that clause in reference to the case of discharging the jury by the Court, because they could not agree upon a verdict. Vide Morgan vs. The State.* The view of this Court in relation to the general question, as well as the application of the rule to that description of cases, being there fully set forth, need not now be repeated. But this case presents the question in a new aspect.
The elementary authorities to which we are referred, are not very satisfactory, or entirely consistent.
Wharton, in his American Criminal Law, 2d Edition, 192, says, the “ entry of a nolle 'prosequi by the competent authority, does not put an end to the case, and is no bar to a subsequent indictment,” referring to 3 Hawks, 183; 2 Mass., 172, &c. But, he continues, “unless, it is said, the jury has been actually impan-nelled, in which case the entry operates as an acquittal,” citing 3 Kelly, 53; 14 Ohio, 295, &c.
Bishop, in his new work on Criminal Law, vol. 1, sec. 659, and 662, lays down the rule in reference to this constitutional provision to be, that, a defendant is in “legal jeopardy the moment a traverse jury is impannelled, sworn, and ready to try him;” and as a consequence, a nolle pros, after that, operates in law,- as an acquittal; section 660. To this unqualified position, we cannot give our assent, nor is it in accordance with the author’s own understanding of the law as stated in sections 663 and 664.
It would seem to be a very strange incongruity in, the law, to hold that a nolle pros, after the case was *690 submitted to a jury upon a bad indictment, would operate as an acquittal of the prisoner upon the ground that he had been in jeopardy in the sense of the Constitution, but that such would not be the effect of a trial and conviction when the judgment was reversed for the same, or any other case. It would seem that, the jeopardy was more imminent in the latter case than the former, by many degrees. Bishop; at the close of 663, says that, although there is no direct adjudication on that point, yet he thinks it clear that “if on coming in of the verdict the prosecuting officer discovers a defect in the indictment he may, instead of moving for sentence, enter a nol. pros, and indict anew.” Whether we would go so far, or in what other cases than the one under consideration, we would hold that a nol'. pros, after the traverse jury was elected and sworn, should entitle the prisoner to his discharge, need not now be determined, as it is safest to leave other cases to be considered on their own facts, as they may arise. It is enough for this case to hold, as we do, that a nol. pros, entered with the assent of the Court, even after the jury is im-pannelled and proof heard, where the indictment is bad, does not operate as an acquittal, as there was no legal jeopardy.
Some other questions of a formal and technical character are made, which need not be discussed, as the case must turn upon the decision of the point presented, alone.
The judgment will be affirmed.

Ante. 475.