## COMMONWEALTH *vs.* JAMES GOULD.

The refusal of a judge to allow a motion to quash an indictment to be withdrawn after it has been granted; or to allow a plea of not guilty to a second indictment for the same offence to be withdrawn for the purpose of pleading *autrefois acquit;* is not open to exception.

An indictment for manslaughter, quashed justly or erroneously for misdescription of the mortal wound, is no bar to a second indictment for the same offence.

THE defendant was indicted in the municipal court for the manslaughter of William R. Chapman, by giving him a mortal wound on the right side of the abdomen with ⌐ ̇nife ; and after he had pleaded not guilty, and a jury had been empanelled to try the case, moved to quash the indictment because it did not set forth the length, breadth and depth of the wound. *Nash,* J. thereupon excused this jury until the next day, and proceeded with other trials before the other jury. The grand jury meanwhile returned a second indictment against the defendant for the same offence, to which, in his counsel's absence, he pleaded not guilty, and the judge granted the motion to quash the first indictment. The defendant's counsel afterwards claimed a verdict of acquittal on the first indictment, but the judge refused

Commonwealth *v.* Gould.

to direct one. The defendant's counsel then stated that he had supposed that the case had been postponed until the next day, and that the court would not act upon the motion to quash until that time ; and requested leave to withdraw that motion. But the judge refused. The defendant's counsel then moved for leave to withdraw the plea of not guilty to the second indictment, and to plead *autrefois acquit*, on the ground that the proceedings on the first indictment were tantamount to an acquittal. But the judge refused to allow it. It was agreed that the defendant should have the same benefit of these facts as if pleaded by him and found on demurrer or special verdict. The defendant was found guilty, and alleged exceptions.

*C. H. Hudson*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. It seems clear to us that, as the first indictment was quashed on the defendant's motion, he has no legal ground of exception to the refusal of the court to allow him afterwards to withdraw that motion. The court, in its discretion, might nave allowed the motion to be withdrawn ; but leave to withdraw it was not a matter of right in the defendant; and the refusal of the court to exercise a discretionary power is not a subject of exception.

The refusal of the court to grant the defendant's motion to withdraw his plea of not guilty to this second indictment, and plead a former acquittal, was a refusal to exercise a discretionary power, and not a power to the exercise of which the defendant had a legal right. But if we were now sitting in judgment on the question whether the discretionary power of the court was properly exercised in this instance, we could not hesitate to decide that it was, because the granting of the motion would have been of no avail to the defendant. The court knew all the grounds of the offered plea of former acquittal, which were these only : That the first indictment was quashed for the reason that there was a defective description of the mortal wound therein alleged to have been given to the deceased by the defendant ; and that this second indictment was in all things, except in a more particular description of that wound,

the same as the first. If the defendant had been tried on the first indictment and found not guilty by the jury, that acquittal would have been a bar to another indictment for the same offence, notwithstanding any defect in the form or in the substance of the first indictment. Rev. Sts. *c.* 123, § 4. But the effect of quashing an indictment is like that of a *nol. pros.* of it, or of its being adjudged bad on demurrer, or of an arrest of judgment for a defect therein, after a verdict of guilty has been returned ; by neither of which is a defendant acquitted of the offence with which the indictment charged him, but is exempted only from liability on that indictment.

The plea of former acquittal is allowed and sustained on a maxim of the common law, that no one shall be brought into jeopardy more than once for the same offence. But when an original indictment is quashed, adjudged bad on demurrer, or when judgment thereon is arrested for a defect therein, it is held that the accused has not thereby been in jeopardy, within the meaning of that maxim. *Commonwealth* v. *Wheeler,* 2 Mass. 172. *Commonwealth* v. *Roby,* 12 Pick. 502. *Rex* v. *Burridge,* 3 P. W. 500, by Lord Hardwicke. 2 Hawk. *c.* 35. 2 Gabbett Crim. Law, 332. Archb. Crim. Pl. (13th ed.) 118 *& seq.*

We need not express an opinion whether the first indictment was rightly quashed, that is, whether it was too defective to sustain a judgment against the defendant. *Commonwealth* v. *Eastman,* 1 Cush. 214. *Commonwealth* v. *Davis,* 11 Gray, 457. That question is not before us for decision. But we do not withhold our opinion, that after the second indictment was found and returned, it was useless to quash the first ; for the defendant thereby gained no legal advantage. If the first had been left pending, it could not have been interposed to defeat the second, or to delay the trial of it. *Commonwealth* v. *Drew,* 3 Cush. 279. If the defendant, at an earlier day, had moved to withdraw his motion to quash the first indictment, we presume the court would have granted his motion.

Nor has the defendant suffered any legal harm from the refusal of the court to allow him to withdraw that motion, and reinstate the indictment which had been quashed for insufficiency

Besides; if we deeméd that refusal to be wrong, it was, as be·fore said, a matter, not of right in the defendant, but of judicial discretion in another court, and not within our cognizance.

*Exceptions overruled.*