## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK, plaintiffs in error agt. LEVI B. TARBOX, defendant in error

Where a county court of sessions, after a trial and conviction of the defendant upon an indictment, make an order in *arrest of judgment and discharge the defendant*, the decision of the court and the proceedings therein, cannot be reviewed by *writ of error*, brought by the district attorney in behalf of the people.

The act of 1852 only authorizes the district attorney to sue out writs of error in criminal cases to review *judgments* rendered in favor of defendants upon indictments.

An order in *arrest of judgment* is not a *judgment* of the court, but an *order* merely. In analogy to civil cases, it cannot be pleaded in *bar* to another prosecution for the same matter, because there is no judgment susceptible of review.

Broome General Term.     Argued November Term, 1865.
Decided January Term, 1866.

Before PARKER, MASON and BALCOM, Justices.

TARBOX was tried upon an indictment for an assault and battery on one Yager, in the court of sessions of Otsego county, and was found guilty by the jury in August, 1865. He made a motion in that court in arrest of judgment, on the following grounds: 1. That he had never been arraigned upon the indictment on which he was convicted.  2. That he had not been required to plead to the indictment.  3. That he had not plead to the indictment or demanded a trial thereon.  4. That no issue had been joined upon the indictment.  5. That he had been tried and convicted upon the indictment without any issue having been joined thereon.

The indictment was found in the Otsego oyer and ter-
miner, which court made an order sending it to the court
of sessions of Otsego county for trial. Tarbox gave bail
before a justice of the peace for his appearance at the term
of the court of sessions at which he was tried, to answer
to an indictment against him for assault and battery. And
during that term of the court of sessions, before he was
tried, he requested the district attorney two or three times
to bring on his trial, and was ready for trial. Tarbox was
in the court of sessions with counsel when his trial was
moved upon the indictment, and expressed himself ready
for trial, and a jury was empaneled for his trial without
any objection from him or his counsel. After the people
rested he opened his defence in person to the jury, and
called witnesses in his own behalf, who were duly sworn
and gave evidence. It was immediately after the jury
found Tarbox guilty, that he made the above mentioned
motion in arrest of judgment. The district attorney
admitted on the argument of the motion that Tarbox had
not been arraigned on the indictment, and had not plead
thereto, unless the facts above stated amounted to an
arraignment and plea.

The court of sessions granted the motion in arrest of
judgment, and discharged Tarbox; to which ruling and
decision the district attorney excepted. The court of ses-
sions settled a bill of exceptions, which was signed by the
judges of that court, and filed with the clerk thereof;
which bill contained the foregoing facts and the indictment,
and showed when and where, and by what court the indict-
ment was found, and all the proceedings thereon.

The district attorney sued out a writ of error to the said
court of sessions, which was allowed by a justice of this
court, which writ and bill of exceptions were sent to this
court under the hand and seal of the clerk of the said
court of sessions. The district attorney brought on the
argument of the case at the general term of this court upon

a notice to Tarbox, or under the statute, but he did not appear on the argument in person or by counsel (*See* 2 *R. S.* 741, § 22).

J. A. LYNES, *District Attorney, for the people.*

By the court, BALCOM, J. This being a criminal case, the default of the defendant in this court does not entitle the district attorney to a reversal of the proceedings in the court of sessions as matter of course. It is, therefore, the duty of the court to determine the case upon the writ of error and the return thereto, in the same manner it would if the defendant had appeared and argued the case in person or by counsel. The court of appeals decided in 1848, in *The People* agt. *Corning* (2 *Comst.* 9), that a writ of error would not lie in behalf of the people after judgment for the defendant, in a criminal case.

The legislature altered the law in such cases in 1852, and provided that " writs of error to review *any judgment* rendered in favor of any defendant upon an indictment for any criminal offence, except where such defendant should have been acquitted by a jury, may be brought in behalf of the people of this state by the district attorney of the county where *such judgment* shall be rendered, upon the same being allowed by a justice of the supreme court ; and the court of appeals shall have full power to review, by writ of error in behalf of the people, any *such judgment* rendered in the supreme court in favor of any defendant charged with a criminal offence (*Laws of* 1852, *p.* 76).

The court of appeals decided in *The People* agt. *Merrill* (4 *Kern.* 74), that a writ of error is not authorized by the statute of 1852, to review a judgment on some of the counts in an indictment while other counts are undisposed of, and that the judgment to be reviewed on a writ of error in behalf of the people, is a final judgment on the whole indictment. That court also decided in *The People* agt.

*Nestle* (19 *N. Y. Rep.* 583), that the people are not entitled to a writ of error to review the order of the supreme court granting a new trial in a criminal case, where there had been a conviction and *certiorari*, with *stay of judgment* in the court below; and that the writ *only* lies where there has been *judgment* for the prisoner upon the indictment.

In *Hartung* agt. *The People* (26 *N. Y. Rep.* 154), there was a final judgment on demurrer to pleas in abatement in favor of the prisoner, and the decision therein is not in conflict with *The People* agt. *Merrill* (*supra*). In *The People* agt. *Barry* (4 *Parker's Rep.* 657; *S. C.* 10 *Abb.* 225), the prisoner was indicted on the 21st day of May, 1858, in the New York court of sessions, for an assault upon one Wolfe, with intent to kill. On the same day another indictment was presented against him in the same court for robbery, by violence, in stealing over $100 from the person of Wolfe. To the first indictment the prisoner pleaded guilty of an assault and battery, and was sentenced to four months imprisonment, on the 23d of October, 1858. On the 5th of November, 1858, a notice was given of a motion for a new trial, and on the 15th of November, 1858, an order was made in the sessions by the city judge, that the conviction, and sentence upon conviction, be quashed, and that the order of imprisonment be revoked, " said indictment having been on the same day, by operation of the statute, superseded and quashed by the filing of another indictment for the same matter, although charged as a robbery." The district attorney sued out a writ of error in behalf of the people, by which the proceedings in the court of sessions were removed into this court in the first district, and this court in that district quashed the writ of error, and held that an order quashing a conviction and sentence, is not reviewable on writ of error under the act of 1852 (*supra*), and that such act is *only* applicable to judgments.

In *Dawson* agt. *The People* (5 *Parker's Rep.* 118), this court in the second district held that the proceedings of a

county court of sessions on the trial of an indictment, will not be reviewed on writ of error by the supreme court until a record of judgment shall have been made up and filed; and as the return to the writ of error in that case was defective in the respect mentioned, on motion of the district attorney, the writ of error was quashed. (*See* 2 *R. S.* 738, § 4; 19 *N. Y. Rep.* 551.) The authorities all show that the act of 1852 (*supra*) only authorizes the district attorney to sue out writs of error in criminal cases to review *judgments* rendered in favor of defendants upon indictments, and they also show he cannot review mere orders in such cases by writs of error.

SPENCER, J., in delivering the opinion of the court in the case of *The People* agt. *Casborus* (13 *Johns.* 351), said: "An arrest of judgment is a mere refusal on the part of the court to give judgment." He also said in that case "the effect of arresting a judgment is the same as quashing an indictment; the latter happened before trial, the former, after; and in this case it appears to me, that as no writ of error could be brought upon the decision of the court of sessions arresting the judgment, that proceeding is not a bar to any other for the same matter. In analogy to civil cases, the arrest of judgment cannot be pleaded in bar to another prosecution for the same matter, because there is no judgment of the court susceptible of review." (*See* *Wharton's Am. Cr. Law*, 2d ed, 190 and 194; *Id.* 869, &c.; *Barb. Cr. Tr.* 303; *Lindsay* agt. *The Commonwealth*, 2 *Virg. Cases*, 345; *Northam* agt. *The Commonwealth*, 5 *Rand.* 669; *Commonwealth* agt. *Wheeler*, 2 *Mass. Rep.* 172.) That there is a difference between an order and a judgment in a criminal case. *see* 2 *R. S.* 738, *section* 4; *Stephens* agt. *The People*, 19 *N. Y. Rep.* 549, *and authorities supra.*

It is clear that no judgment has been rendered in this case by the Otsego court of sessions. That court only decided that judgment be arrested, and that the defendant be discharged; and an order was thereupon entered arrest-

ing judgment and discharging the defendant. It is unnecessary to express any opinion on the question whether the acts of the defendant in the court of sessions did not amount to a demand of trial upon the indictment, and estop him from alleging he had not been arraigned upon it, or had not pleaded not guilty thereto. But see *The People* agt. *Frost* (5 *Parker's Cr. Rep.* 52; *Roscoe's Cr. Ev.* 224). And we will not say whether the defendant could not have been required at the end of his trial to plead to the indictment and have been retried thereon, or whether he could not be indicted again for the same offence, and be legally tried on a new indictment. (*See* 2 *R. S.* 701, §§ 24, 25; *Barb. Cr. Tr.* 301.) We only decide that no judgment has been rendered in the case by the Otsego court of sessions, and that the decision of that court, and the proceedings therein in the case cannot be reviewed by writ of error brought by the district attorney in behalf of the people.

It follows that the writ of error in the case should be quashed as unauthorised. Decision accordingly.