# SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK, plaintiffs in error agt. DENIO LOOMIS, defendant in error.

A decision of a county court of sessions *quashing an indictment* and discharging the defendant, cannot be reviewed by *writ of error* in behalf of the *people*. The act of 1852 only authorises the district attorney to bring writs of error to review *judgments* rendered in favor of defendants in criminal cases. (*See to the same effect People* agt. *Tarbox, ante, p.* 318.)

Broome General Term. Submitted November Term, 1865. Decided January Term, 1866.

Before PARKER, MASON *and* BALCOM, *Justices.*

WRIT OF ERROR to the Madison county court of sessions.

The defendant in error was indicted at the Madison oyer and terminer, in February, 1863, for feloniously receiving one gold watch, the property of Josiah W. Clarke, on the 10th day of June, 1862, at De Ruyter, in the county of Madison, knowing the same had been feloniously stolen from said Clarke. That indictment was feloniously destroyed by some person or persons unknown, while on file in the office of the clerk of Madison county, on the 10th day of May, 1865.

At a court of sessions held in Madison county on the 12th day of June, 1865, the defendant in error was again indicted for the offence that was charged upon him in and by the indictment which had been destroyed, as above stated, and the last indictment contained statements showing the finding of the first mentioned indictment, the arraignment of the defendant in error thereon, and his plea of not guilty thereto, and the felonious destruction of that indictment by some person unknown, on the 10th day of May, 1865.

On the 16th day of June, 1865, the defendant in error appeared in person and by counsel in the said Madison county court of sessions, and was arraigned upon the indictment that was last found against him, but he did not plead thereto, and he moved that it be quashed, on the ground that it appeared on the face thereof that it was not found within three years after the alleged commission of the offence therein charged, which fact was admitted by the district attorney. The court granted the motion, and made an order quashing that indictment which was found on the 12th day of June, 1865, as aforesaid, and discharging the defendant in error from further imprisonment and custody thereon. The district attorney sued out a writ of error for the review of the decision of the court of sessions, by which the indictment found against the defendant in error on the 12th day of June, 1865, was quashed, and the defendant in error was discharged from imprisonment and

custody thereon. The return to the writ contained a copy thereof, and a copy of the indictment so quashed, as aforesaid, and a copy of the order and decision of the court of sessions quashing such indictment and discharging the defendant in error, and also papers showing the finding and felonious destruction of said first mentioned indictment.

The case was submitted to this court upon printed briefs, by

D. W. CAMERON, *District Attorney, for the people.*
S. D. WHITE, *attorney, and*
D. PRATT, *counsel for defendant in error.*

By the court, BALCOM, J. It is clear that the district attorney had no authority at common law to bring a writ of error in behalf of the people, to review the decision of a county court of sessions or a court of oyer and terminer, quashing an indictment and discharging the defendant from imprisonment thereon. (*The People* agt. *Casborus,* 13 *Johns.* 351; *The People* agt. *Corning,* 2 *Comst.* 9.) And the statute of 1852 only authorises the district attorney to bring writs of error to review *judgments* rendered in favor of defendants in criminal cases (*Laws of* 1852, *p.* 76). There must be a *judgment* in favor of a defendant in a criminal case, before the district attorney can bring a writ of error in behalf of the people to review a decision therein, though the effect of it be to discharge the defendant from further prosecution upon the indictment in the case. (*See People* agt. *Merrill,* 4 *Kern.* 74; *People* agt. *Nestle,* 19 *N. Y. Rep.* 583; *People* agt. *Hartung,* 26 *Id.* 154; *People* agt. *Barry,* 4 *Parker's Cr. Rep.* 657; *S. C.* 10 *Abb.* 225; *Dawson* agt. *The People,* 5 *Parker's Cr. Rep.* 118; 2 *R. S.* 738, § 4; 19 *N. Y. Rep.* 551.) When judgment is arrested, or the indictment is quashed, or a *nolle prosequi* is entered in a criminal case, no judgment is given though the defendant be discharged, and the order and proceedings cannot be pleaded

in bar·to a subsequent indictment for the same offence. (*Barb. Cr. Tr.* 303; 13 *Johns.* 351; *Wharton's Am. Cr. Law,* 2d ed. 190, &c.; *Lindsay* agt. *The Commonwealth,* 2 *Vir. Cases,* 345; *Wortham* agt. *The Commonwealth,* 5 *Randolph,* 669; *Commonwealth* agt. *Wheeler,* 2 *Mass. Rep.* 172; 2 *R. S.* 701, § 24.)

There would not be much danger of injustice being done to persons accused of crime, if the legislature should authorise district attorneys to review the decisions of criminal courts, by writs of error or otherwise, quashing indictments, or arresting judgments, or discharging prisoners without trial, except by *nolle prosequi.* But unless such authority be conferred upon district attorneys, criminal courts should require prisoners to present defences by plea, or in a way so that judgments may be rendered upon the indictments in cases of acquittal without the intervention of a jury.

. If the defendant's motion to quash the indictment in this case had been denied, as it might have been, upon the ground that he should present his defence by a plea of the statute of limitations (2 *R. S.* 726, § 37; *Laws of* 1860, *p.* 474), and he had pleaded the statute, as he probably would have done, a judgment sustaining the plea could have been rendered, which the district attorney could have reviewed by writ of error under the statute of 1852.

. It is inexpedient for this court to express an opinion upon the question whether the defendant could have been tried on the indictment against him that was feloniously destroyed, or as to whether the statute which declares that indictments except for murder, " shall be found and filed in the proper court, within three years after the commission of the offence," unless the accused has been out of the United States, &c., was a defence to the indictment that was quashed. (*See* 2 *R. S.* 726, § 37; *Laws of* 1860, *p.* 474.) We only decide that the district attorney cannot review the decision of the Madison county court of sessions, quashing the indictment and discharging the defendant, by

writ of error in behalf of the people, and that such writ should be quashed as unauthorised. And it is proper to add that we are constrained to make this decision; though the defendant's counsel has not questioned the right of the district attorney to review the decision of the court of sessions by writ of error.

Writ of error quashed as unauthorised.