### STATE v. DOVER.

Under our statutes a town is liable upon indictment for neglect to keep a highway therein in good and suitable repair, although the defect in the highway is caused by the wrongful obstruction of the highway by a bridge erected by a railroad corporation.

No arrangement between the town and the railroad corporation can bar the right of the State to require the town to keep such highway in suitable repair.

A *nolle prosequi* entered before trial on an information is no bar to a subsequent indictment.

INDICTMENT for want of repairs of a highway in the city of Dover, and for obstructions to the same by large piles of stones by which it was filled up and made narrow. The part complained of was the passage under a railroad bridge of the Boston & Maine Railroad; and for the purposes of this trial it was admitted that this bridge with its abutments and pier which constituted the obstruction and narrowing complained of was erected many years before over and across this highway by the Boston & Maine Railroad under a charter or law of this State authorizing them to build said railroad and construct bridges over public highways, but not to impede or obstruct the safe and convenient use of such highways.

The court instructed the jury that if this bridge with its abutments and pier obstructed the safe and convenient use of the highway, it must be regarded as a defect for which the city was liable under this indictment—to which instructions the defendant excepted.

The counsel for the city also offered to prove that in 1854 the Attorney General filed an information in the court of Common Pleas against the city of Dover for defects in this same piece of road on account of the same bridge, as then constructed, leaving the passage under it only about thirteen feet wide, and that afterwards the selectmen of said

Dover and said railroad corporation agreed that this passage should be enlarged to the width of thirty feet by altering the abutments with a pier in the middle occupying fourteen inches of said thirty feet; and that accordingly this change was soon after made, and at the succeeding term of the court in October, 1856, the said information was abandoned and not further prosecuted by the Attorney General; and that this bridge has ever since so remained without notice of objection to either corporation.

The court rejected the evidence and the respondent excepted.

The jury having returned a verdict against the city, its counsel now moves to set it aside.

*Christie,* for the respondent.

*The Attorney General,* for the State.

BARTLETT, J.    The Revised Statutes provide that a fine shall be imposed upon any town, which "shall neglect to keep any highway therein in good repair and suitable for the travel passing thereon. Rev. Stat. ch. 53 sec.1.    The structures complained of had been standing for some years, and if, as the jury have found, they obstructed the safe and convenient use of the highway, it was not "in good repair and suitable for the travel passing thereon." *Winship* v. *Enfield,* 42 N. H. 197; *Chamberlain* v. *Enfield,* 43 N. H. 358. And although the charter of the railroad gave it no right to thus obstruct the highway and it might be liable to the city, this would not relieve the latter of its responsibilities and liabilities to individuals and to the public. *Troy* v. *Railroad,* 23 N. H. 94; *Elliott* v. *Concord,* 27 N. H. 204; *Hooksett* v. *Amoskeag Co.,* 44 N. H. 109; *Palmer* v. *Portsmouth,* 43 N. H. 269; Rev. Stat. ch. 57, sec. 2, ch. 59, sec. 5.    We think, therefore, that the instructions were not open to the objection made to them.

The entry of a *nolle prosequi* before trial is not a bar to a subsequent indictment.    1 Chit. C. L. *480; Wharton C. L. 249; *Marston* v. *Jenness,* 11 N. H. 161; *State* v. *Hodgkins,* 42 N. H. 476; *Commonwealth* v. *Wheeler,* 2 Mass. 172; *Commonwealth* v. *Briggs,* 7 Pick. 179.    No arrangement between the respondent in the information and the railroad could bar the right of the State to require of the city a performance of its statutory duty in keeping the highway in suitable repair; and as no evidence was offered that the counsel for the State were party to the arrangement, it is unnecessary to inquire whether their concurrence could have added to its legal efficacy.    The exception on account of the rejection of the evidence must be overruled, and there must be

*Judgment on the verdict.*