The opinion of the court was delivered by
Manning, C. J.
The defendant was indicted for murder, was convicted of manslaughter, and on appeal from the judgment rendered thereon, which was heard last year at Monroe, it not appearing from the minutes that the prisoner was present in court at the rendition of the verdict, the case was remanded for further proceedings according to law.
When the case was again called in the lower court, the defendant offered witnesses to prove that he was present in court at the first trial, but the State objected on various grounds, one of which was, that the accused, having escaped punishment under the first judgment and sentence, by assigning as error that the minutes did not shew his presence, *420 could not on the second trial prove the fact of his presence at the first trial.
It is difficult to perceive what effect the testimony was supposed to have, if it had been admitted. The minutes can be corrected so as to make them conform to the truth, but the verdict and judgment rendered on the first trial had been set aside and annulled by this court. The prisoner stood at the bar as it he had never been tried. The object of offering the testimony was doubtless "to shew that the first trial had been regular, but this court had already, at the instance of the accused, and upon his assigning as error the absence of any statement in the minutes of his presence, pronounced that trial irregular.
The State entered a nolle prosequi as to the charge of murder, reserving the right to try for manslaughter, and proceeded against the accused for the latter offence, of which he was again convicted, and sentenced to hard labour for twenty years, and to pay a fine of one thousand dollars.
A plea in bar was filed — that the prisoner had already been tried for the same offence. The plea is not good. The general principle, that one shall not twice be put in jeopardy for the same offence, is incorporated in all of our State constitutions, and in that of the United States, and is now universally recognised, but there are numerous refinements, and nice distinctions as to what is jeopardy. An eminent authority, discussing the effect of the plea of autrefois acquit or convict, as applicable to such a case as this, says — if the defendant is not present when the verdict is rendered, the judgment may be vacated, and it cannot be pleaded in defence on a subsequent trial. Wharton Crim. Law § 541 a. citing Andrews v. State, 2 Sneed, 550.
But when the indictment contains but one count, and that is for murder, and the State enters a nol. pros, as to that, can the prisoner be tried for manslaughter under that indictment ? This was the ground of the motion in arrest of judgment. It is well settled, that a nol. pros., and a consequent discharge of the prisoner, is not a ba'r to a future indictment for the same offence. Com. v. Wheeler, 2 Mass. 172. Lindsay v. Com. 2 Va. Cas. 345, Wortham v. Com. 5 Rand. 669. So where there are two or more counts, one for instance charging murder, and another charging manslaughter, a nol. pros, of the first will not bar a prosecution on the second or other count. Com. v. Briggs, 7 Pick. 177. Com. v. Tuck, 20 Pick. 364. So again, where on an indictment for murder the prisoner is convicted of manslaughter, and a new trial is obtained, the prosecuting attorney may enter a nol. pros, as to the charge of murder, and prefer a new indictment for manslaughter. State vs. Hornsby, 8 Rob. 583. But neither of these enunciations fit the present case. There was but one count, and there was no subsequent or new indictment, *421 and the nol. pros, was as to the sole offence charged in the single count.
We have found but two cases where the ruling may be argued as applicable to the one now before us. It has been held in Tennessee, that where a party is charged with a felonious assault, and a nolle prosequi is entered as to the felony, it operates a discharge of the assault. In that case, the defendant was indicted for an assault with intent to commit murder. The Attorney General, with the assent of the court, entered a nol. pros, as to'the felony, and the accused was sentenced for the lesser offence. The court say — “ we are of opinion that the nolle prosequi discharged the defendant altogether from the accusation. There is but one count in the indictment, and that count charges a felonious assault. It 'is true, by the statute, the jury might have acquitted the defendant of the felony, and found him guilty of an assault only, but it does not follow that a nolle prosequi as to the felony can be entered, and the party still remain under the charge in the indictment for an assault. It is like'the case of a charge for murder,'when the party may be found guilty of manslaughter only; or .the charge for robbery when he may be found guilty of larceny. The charge of the greater offence includes the less, and the jury might find the party guilty of the less, and acquit him of the greater ; but if the charge for the greater be withdrawn, the charge for the less offence necessarily goes with it, because by the law the less offence is charged ; not because the words of the indictment are appropriate to charge the offence, but because in legal contemplation, the less offence is charged in an indictment for a greater; and hence, when the charge as it stands in the indictment is withdrawn, there is nothing left upon which to try the defendant. It will not do to say, that the charge, constituted by the words of the indictment, may be withdrawn, and the legal idea of the inferior offence may be retained, upon which to try the defendant. Take the indictment for murder, and let a nol. pros..for the murder be entered. Can this be done, and the legal idea of manslaughter remain as a charge upon which to put the party on liis trial? We think not. How shall he be arraigned, and to what shall he plead ? Not to an indictment for murder, because that is no longer in force against him ; and yet no indictment exists but the one charging him with murder, as the grand jury, in finding a true bill, necessarily find the inferior offence also. It would be competent, perhaps, for the Attorney General, with the assent of the court, to strike out the words that charge the malice and felony, leaving only such as would charge the inferior offence. But in that case, there would be a subsisting indictment, upon which the party might be arraigned and tried. It is supposed the course pursued is substantially the same thing. We do not think so.” Brittain v. State, 7 Humph, 159.
The other case is from New York. The indictment was for rape, *422 and contained but one count. The court said ; — “ The entry on the record of a nolle prosequi is an act by which the prosecution declares it will proceed no further with the indictment, or with that part of it specified in the order. Its effect is to put the prisoner without day to such part, and if to the whole, entitles him to a discharge from arrest, unless held for re-indictment, as the entry does not operate as an acquittal. A nolle prosequi may be to the whole indictment, or to the whole of any one or more of several counts, but cannot be to a part of any one count; therefore when a nolle prosequi is entered to a part of an indictment containing a single count, it operates upon the whole indictment, and entitles the prisoner to liis discharge, unless held for further indictment.” People v. Porter, 4 Parker Crim. Rep. 524.
This case differs from both of those, in that there had been a previous trial on the charge of murder, and a conviction under it of manslaughter, which is a bar to a future prosecution for murder, because a conviction of the less offence is virtually, by way of estoppel, an acquittal of the greater, or stating it in another form, when the major and the minor offence are together before the jury, the defendant’s conviction of the minor offence is an acquittal of the major, and is a bar to further prosecution of the major. Wharton Crim. Law, g 550. ¡¡ 563. When therefore the State’s attorney entered a nol. pros, as to the charge of murder, he used a form of words not strictly accurate. The jury-had acquitted on that charge, and the State could no longer prosecute it because of that verdict. A nol. pros, was not to be entered as to a charge, of which there was already an acquittal. The prosecuting officer substantially recognised that the verdict of acquittal had eliminated from the indictment the charge of murder, when he announced that the prisoner could not again be tried for that crime, and as the indictment for murder contains by legal intendment, a charge of manslaughter, he virtually announced merely that he was proceeding for the minor offence, when he incorrectly said that he would enter a nol. pros, as to the major. It is on the theory that the charge of the greater crime includes the lesser, that modern statutes have expressly allowed the conviction of the lesser, although the indictment contain no words, apt to express such lesser crime. The court of Tennessee suggest that the prosecuting officer might strike out the words charging the malice and felony, leaving only such as would charge the inferior offence, as in that case there would be a subsisting indictment. In our case, the verdict of conviction of the lesser offence had estopped the State from proceeding for the greater, but it had not quashed the indictment, nor did it operate as a bar to a second prosecution for the lesser, the first trial having been decreed to be, in law, no trial thereof.
It may be well to mention, that when the prosecuting officer an *423 nounced the nol. pros, as to murder, with reservation of the right to try for manslaughter, no objection appears to have been then made by the prisoner, but the trial proceeded, and the legal effect of the nol. pros. was urged in a motion of arrest. The entry of the nol. pros, was controlled and restricted by the reservation simultaneously made, and was really but a statement to the jury and the court that the prisoner was not put on trial for murder, of which he had been acquitted, but for manslaughter only.
Judgment affirmed.