SHAWLEY. )
v. ) APPEAL.
THE STATE )

10

MACK and COOKE, for the appellant,

11

BALCH, Solicitor General, and SIMS for the State, argued,

WHITE, J. delivered the following opinion of the court:

Shawley was indicted upon the act of assembly passed in 1813, against counterfeiting Bank Notes and etc. There were several counts in the indictment, and he was acquitted upon all of them in the circuit court except the fourth, upon which he was found guilty by the jury. Upon the trial certain testimony was offered and objected to, but the objection was overruled. After the conviction, reasons in arrest of judgment were filed, which were

also overruled, and sentence of death pronounced. From this judgment, an appeal was taken to this court.

The counsel who appear for Shawley have assigned errors in several particulars.

No opinion is intended to be given by the court, upon any of the points relied upon except one.

The fourth count charges the prisoner with having passed as genuine, knowing at the time that it was forged and counterfeited, a counterfeit note for twenty dollars, purporting to be a note on the Nashville Bank, and also purporting to have been issued by the order of the president, directors and company thereof. The note is then set out, from which it does not appear that it was issued by the order of the president, directors and company of the Nashville Bank.

One of the errors relied upon is that the indictment is repugnant in charging that the note purported to have been issued by the order of the president and etc., when upon looking at the note, no such order appeared upon its face; and in support of this objection, 1 Leach, 242; 2 Leach, 672-753; 2 East's Cr. Law, 984, were relied upon.

On behalf of the State, it is insisted, that taking the whole count together it is good, and that the word purporting to have been issued by the order of the president, directors and company thereof, may, if necessary, be rejected surplusage, and if rejected, the count is good, and the note well enough described. To support this, the solicitor as cited 1 Leach, 127, 182, 92 11, 135. 2 Leach, 537.

(1) The whole authorities which relate to this point establish clearly the position that when an indictment charges that an instrument of writing purports any matter whatever, the indictment cannot be supported, unless,

14

upon reading the instrument itself, such matter will be found expressed upon its face; or, in other words, the indictment is bad, unless what the instrument is said to purport, is apparent when you look at it. Apply this idea to the present case to make this indictment consistent with itself, when it says the note purports to have been issued by the order of the president, directors and company, it should appear, upon reading the note, that such order is expressed on the face of it. Nothing of that kind upon the face of the note in question; therefore, it is believed, this case falls within the principle settled by the cases relied upon by the counsel for Shawley. The first part of the count communicates a clear and distinct idea, which ought not to be contradicted by the tenor of the note.

This is not a case where we feel ourselves authorized to reject the words which are asked to be rejected, and, therefore, the judgment must be reversed.

(2)  On the next day,

BALCH, Solicitor General, moved the court to commit Shawley, in order that he might be indicted over for the same offence; and he cited and relied upon various authorities to show that he might be tried again, and that he had never been in jeopardy, inasmuch as he had been tried upon an inefficient indictment. 4 Co., 44-45, 2 Hale, 246, 4 Bl. Com. 393, 2 East's Cr. Law, 519, 2 Haw. 527, 2 Leach, 503; 2 Mass. Rep. 172; 3 Inst. 213.

HARRIS and COOKE, for the defendant, opposed this motion at great length, upon the ground, that under a fair construction of our constitution, Shawley had been jeopardized, and could not be regularly tried again: and also upon the ground that this court only possess appellate jurisdiction, and had not the power to commit.

15

By the Court: We give no opinion upon the propriety of trying this man again; but we cannot commit him, if we did so, it would be an exercise of original and not appellate jurisdiction, with which we are not vested by law. Shawley must, therefore, be discharged, leaving the solicitor at liberty to make his application to some of the judicial officers who are by law vested with jurisdiction in such cases.