ALBANY,
August 1816.

MECHANICS'
BANK
v.
HAZARD.

THE PRESIDENT, DIRECTORS, AND COMPANY OF THE MECHAN-
ICS' BANK, IN THE CITY OF NEW-YORK, *against* THOMAS
HAZARD.

THIS was an action of debt on a recognizance of bail.
The original suit was against *John Hazard*, on a promis-
sory note, in which judgment was obtained as of *January* term,
1812, for 1,094 dollars and 8 cents damages and costs. The
defendants pleaded, 1. Payment by the principal before the
commencement of the suit against the bail, to wit, on the 1st of
*April*, 1812. 2. That the plaintiffs recovered their judgment
against *John Hazard*, as the maker of a promissory note dated
the 15th of *April*, 1811, payable sixty days after date, to *John-
son Patten*, or order, for 987 dollars and 17 cents, and endorsed
by him to *William G. Miller*, jun., and by *Miller* to the
plaintiffs; that *Miller*, being liable as such endorsor, afterwards,
and before the commencement of this suit, to wit, on the 1st of
*April*, 1812, paid and satisfied to the plaintiffs the amount of the
judgment. The plaintiffs replied to both pleas, denying the
facts stated in them. The cause was tried before Mr. J.
*Spencer*, at the *New-York* sittings, in *November*, 1815.

It was proved, that at the time the suit against *John Hazard*
was commenced, suits were also commenced against *Patten*
and *Miller*. On the 22d of *November*, 1811, *Miller* offered
his own note, with an endorsor, at 60 days, for 1,500 dollars, to
be discounted by the plaintiffs; the note was discounted, and,
out of the net proceeds thereof, the plaintiffs, with the consent
of *Miller*, retained 1,017 dollars and 31 cents for the principal
and interest then due on the note, and agreed with him that the
respective suits against *Hazard* and *Patten* should proceed for
his benefit; the note given by *Miller*, after having been once or
twice renewed, was paid, but *Miller* never paid the plaintiffs the
costs of the suit against him, or the costs in the other suits. Judg-
ments having been recovered against *Patten* and *Miller*,
*Patten*, on the 8th of *February*, 1812, paid the principal and
interest then due on the note to the plaintiffs' attorney, who, by
the directions of the plaintiffs, paid over the money to *Miller*,
and *Patten* at the same time paid the costs in the suits against

*In an action on a recognizance of bail, under a plea of payment, evidence of payment of a less sum than the amount of the judgment is inadmissible. Nor could payment of a less sum be pleaded, although accepted in full satisfaction. Where suits are brought against the maker and endorsor of a promissory note, and the endorsor pays the amount, and it is agreed between the holder and endorsor that the suit against the maker shall be prosecuted for the benefit of the endorsor, the maker cannot avail himself of the payment by the endorsor as a defence in the suit against him. And the payment by the endorsor having been made after judgment against the maker of the note, his bail cannot avail himself of the defence in a suit on the recognizance.*

himself, *Miller*, and *Hazard* ; and it was agreed by the plaintiffs' attorney, on the behalf of the plaintiffs, who afterwards ratified his act, that the suit against *J. Hazard* should proceed for the benefit of *Patten*, and if a judgment should not be perfected therein, by reason of the non-payment of the costs, which *Hazard* had before been ordered by the court to pay, as a condition of being allowed to plead his discharge under the insolvent act, *puis darrein continuance*, after an inquest had been taken against him, and which he had not yet paid, the judgment should be held for the benefit of *Patten*; or, if those costs were paid by *Hazard*, they were to be repaid to *Patten*. Judgment was afterwards entered up against *Hazard*. There was never any regular assignment of the judgment to *Patten*; but the present suit was prosecuted at the expense and for the sole benefit of *Patten*, the plaintiffs having been satisfied the full amount of the principal and interest due them, with the costs of their several suits.

A verdict was taken, subject to the opinion of the court, for the plaintiffs, for 260 dollars and 57 cents, being the interest on the judgment against *John Hazard*, from the time the defendant became fixed as bail, and 6 cents costs.

*T. A. Emmet*, for the plaintiffs, contended, 1. That the parol evidence of the payment and satisfaction of the judgment recovered against *John Hazard*, was inadmissible, the judgment being unpaid and unsatisfied of record. Under neither of the pleas ought parol evidence of any payments to the plaintiffs, prior to *January*, 1812, to have been admitted; as it would only tend to falsify the judgment obtained against *John Hazard*. And if the payment was of such a nature as to diminish or extinguish the demand of the plaintiffs against him, it ought to have been taken advantage of in the original suit.*

2. That the defendant could not maintain either of his pleas, by proving payment of a less sum than the amount of that judgment and the costs.†

3. That the payment made by *William G. Miller*, jun., in part discharge of the demand against himself, could not, under the circumstances of the case, be applied by *John Hazard* or the defendant, towards the payment of the judgment against the former.

4. That *Miller* having repaid the amount paid by him to the plaintiffs, by *Johnson Patten*, before judgment was perfected

*9 Johns. Rep. 392.

†9 Johns. Rep. 333, 2 Lev. 212. Styles, 324.

against *John Hazard*, *Patten* was entitled, as against *John Hazard*, to stand in the place of *Miller*, so as to have the benefit of any agreement he had made with the plaintiffs.*

5. That *Patten*, by virtue of his agreement with the attorney of the plaintiffs, and of his settlement with *Miller*, had a right to have the suit then pending against *John Hazard* carried on for his own benefit; and to perfect this right, no assignment of the judgment was necessary, nor could, in fact, any assignment of it have been made, as, at the time of that agreement and settlement, no judgment had been perfected against *John Hazard*.

6. That there can be no impediment to the recovery of the plaintiffs at law; and if there be any questions of equity between the parties affected by, or interested in, that judgment, this court will leave them to their remedy in a court of chancery.

7. That the defendant cannot stand in a better situation, as bail for *John Hazard*, than the principal himself could have done on an execution issued upon the judgment.

8. But, at all events, the plaintiffs are entitled to have the verdict entered for the amount of the costs in the respective suits against *John Hazard*, *Miller*, and *Patten*.

*Colden*, and *Drake*, contra, contended, that the plaintiffs, having taken issue on the fact of payment, were too late to object to the evidence, and ought to have demurred; and if so, there is an end to the cause; for if the payment is the only issue between the parties, the defendant must have judgment on the evidence. But it is said, this suit is prosecuted for the benefit of the surety, *Patten*. In order, however, to avail himself of the privilege of a surety, he ought to have averred the fact of suretyship, and put it on record.†

Under the pleadings in this cause, evidence of the assignment of the judgment in the original suit was wholly inadmissible,‡ the issue being only as to the payment, and if admissible it was insufficient; if there was any assignment, it was to *Miller*, not to *Patten*; but there was none. This court allow an assignee to stand in the place of the assignor to preserve a specific lien, but here the plaintiffs attempt greatly to extend that privilege. The plaintiffs could not make an assignment which would put *Patten* in their situation. There was no privity between the plaintiffs and *John Hazard*, but there was a privity between

ALBANY,
August, 1816.

MECHANICS'
BANK
v.
HAZARD.

* 2 Johns. Cas. 229, 230, 231. 2 Vern. 608. 11 Vesey, 22. Clason v. Morris, 10 Johns. Rep. 524. 536, 539.

† 1 Chitty's Pl. 347. 352.

‡ 3 Johns. Rep. 425. 1 Johns. Cas. 411. 7 Term Rep 690. n. (b) 1 Bos. & Pull. 447.

ALBANY,
August, 1816.

MECHANICS'
BANK
v.
HAZARD.

* 10 *Johns. Rep.*
594.

‡ *Ludlow* v. *Si-*
*mond,* 2 *Caines'*
*Cases in Error,*
1. 1 *Ves* 339.
2 *Ves.* 569.
*Rathbone v War-*
*ren,* 10 *Johns.*
*Rep.* 587.

*Hazard* and *Patten.* The plaintiffs are endorsees. The judgment was obtained against *Patten* in *January,* 1812; and whether docketed or not, can make no difference; and the money was paid to the plaintiffs after that time. The note was not payment until actually paid. The plaintiffs, therefore, having received full satisfaction, this suit cannot be maintained in their names for the benefit of *Patten.* From the mere fact of endorsement the court will not infer that suretyship which would give *Patten* this peculiar privilege. Bail are sureties, and entitled to all the privileges and advantages of sureties.* In this respect, therefore, the defendant stands on the ground of equal equity, at least, with *Patten.*

Again; the agreements and arrangements made by the plaintiffs, and their attorneys, with *Miller* and *Patten,* without the privity or consent of the bail or principal, altered and extended the responsibility of the bail, and thereby operated as a discharge of the bail from all responsibility.‡

*Emmet,* in reply, said, that if the principal had paid the judgment, it would enure to the benefit of his surety; but where the payment is collateral only, or by one of two sureties, it may, or may not, according to circumstances, operate to the benefit of the other surety. Why may not a surety avail himself of a contract, by which he may protect himself by buying in the rights of a prior creditor? Will the court consider that as a payment which the parties themselves did not intend as a payment? In regard to the plaintiffs, this is a case of trust, rather than an assignment, arising on the payment of money under a specific agreement. If the plaintiffs accepted the note as payment, at the time, it is not competent for another person to say it was not payment.

THOMPSON, Ch. J., delivered the opinion of the court. This is an action of debt against the defendant, on his recognizance of bail for *John Hazard.* Judgment against the principal was obtained in *January* term, 1812, for 1,094 dollars and 8 cents. The defendant pleads, 1st. Payment, by the principal, of the judgment, before the commencement of this suit, to wit, the 1st of *April,* 1812. 2d. Payment by *William G. Miller,* who was an endorsor upon *John Hazard's* note, and who had become liable to pay the same, the time of payment being the same as in the

ALBANY,
August, 1816.

MECHANICS'
BANK
.v .
HAZARD.

first plea. The plaintiffs take issue upon these pleas; and the first question which arises is, whether the proof supports the pleas, or either of them. There is no evidence, in any manner, showing payment by the principal. Under the second plea, however, it appears, that *Miller*, on the 2d of *November*, 1811, procured a note to be discounted by the plaintiffs, and that 1,017 dollars and 31 cents of the money was to be applied to the payment of the principal and interest due upon the note; on which the suit against *John Hazard* was pending. *Miller's* note was renewed several times; and when it was paid does not appear; probably, not until after the judgment was obtained against *John Hazard*. This proof did not support the plea. It did not show a payment of the full amount of the judgment. Had the plea set out the true sum paid, it would have been bad on demurrer, and, of course, no defence. And, if so, it follows, of course, that the fact itself is no bar; for, in case of demurrer, the fact is admitted. In the case of *Dederick* v. *Leman*, (9 *Johns. Rep.* 333.,) it was decided by this court, that a plea of payment of a less sum than was due on a bond, although accepted in full satisfaction, was not good, either as a plea of payment, or of accord and satisfaction. And, besides, the payment made by *Miller* was before the judgment obtained against *Hazard*; for, although made by *Miller's* note, discounted by the plaintiffs, it was received by them as payment, and the sum due on *Hazard's* note was, doubtless, passed to *Miller's* credit. The understanding of *Miller*, that, if his note was not paid, the plaintiff would have had a right to retain the money, if any, collected from *John Hazard*, could not materially affect the transaction. It was a payment at that time, subject, however, to be reimbursed, out of an uncertain fund, upon the event of the note's not being paid. In strictness, therefore, the facts given in evidence do not show a satisfaction of the judgment against *John Hazard*. There was, at all events, no payment of the costs due on that suit: and the next question that arises is, whether the defendant can avail himself of that payment *pro tanto*, and I am inclined to think he cannot. It was not a payment made by, or in behalf of, *John Hazard*, nor of which he could, in any manner, avail himself, and, if he could not, his bail cannot. The payment was made under an express agreement that the suit against *John Hazard* should proceed for the benefit of *Miller*, his endorsor. Had the plaintiffs remained the real parties to

ALBANY,
August, 1816.

the suit, perhaps the defendant might, in some way, in equity certainly, if not at law, have availed himself of such payment, according to what was said by this court in *Wattles v. Laird*, (9 *Johns. Rep.* 327.) But the plaintiffs, by their agreement with *Miller*, became mere nominal parties; and we have a right so to consider them, and look at, and protect, the real parties in interest. All considerations of hardship must be laid out of view. They apply with as much force to the endorsors of *John Hazard* as to his bail: and when a loss must fall upon one of two innocent persons, each has a right to claim protection under whatever strict and rigid rules of law are to be found in his favour: and according to which the plaintiffs are, in my opinion, entitled to recover the full amount of the judgment and interest; and this is the opinion of the court.

Judgment for the plaintiffs.