## APPLEBY *vs.* ROBINSON and BEACH.

Where a defendant, on being arrested, gives bail by causing an undertaking
to be executed, under section 187 of the code, by which the bail undertake
and agree that· the defendant "shall at all times render himself amenable
to the process of the court, during the pendency of the action, and to
such process as may be issued to enforce the judgment" therein, the
defendant is by force of such undertaking, in theory and legal effect,
committed to the custody of his bail; and. they are, by the terms of the
instrument, to have his body always ready to be taken upon execution or
other process—at all times "amenable to the process of the court in that
action," till final judgment shall be rendered therein and be discharged and
sattisfied by payment, or by the surrender of his body to the sheriff in
exoneratiõn of the bail, or the taking of the same upon execution.

If, upon the recovery of a judgment against the defendant, his bail, instead
of surrendering his body, upon an execution issued against the body, elect
to pay, and do pay, the amount of the judgment, while an appeal is pend-
ing, such payment .will not discharge their liability as bail.

While the action is pending, the defendant must be deemed to be and remain
in the custody of his bail, and they are liable to be sued for his neglect to
render himself in execution whenever his body is legally required ; and as
often as they fail to produce his body upon process against the body,
there is a breach of the undertaking, until they have paid $500, or the
defendant is in fact surrendered or charged upon execution.

ON the 24th of July, 1861, the plaintiff brought an action
against one Marratt, in this court, and caused him·to be
arrested under the provisions of title 7, ch. 1 of the code.
The defendants became bail for him, and he was discharged.
On the 16th January, 1862, ·judgment in that action was
rendered in favor of the plaintiff, and these defendants be-
came chargeable as his bail.  The plaintiff, on the 17th day
of July, 1862, commenced an action against the bail to
recover the amount of the judgment so before rendered
against Marratt.  Judgment was recovered against them,
execution issued, and by them paid.  Marratt appealed from
the judgment rendered against him, but was beaten, judg-
ment of affirmance entered and docketed, July 13, 1863, for
costs, $141.35, costs of appeal, and failing to collect the
same, the plaintiff brought this action.

The complaint alleged: 1st. That on the 24th day of

July, 1861, at the city of Rochester, an order of arrest was duly granted by Hon. John C. Chumasero, Monroe county judge, against one William Marratt, in an action brought in said court, by the plaintiff against the said Marratt, and thereupon the said Marratt was arrested by the sheriff of the county of Monroe. 2d. That on the 24th day of July, 1861, at said city of Rochester, the defendants undertook in the sum of $500, that the said Marratt should, if released, render himself at all times amenable to the process of the court during the pendency of said action and to such as might be issued to enforce the judgment therein. 3d. That thereupon the said Marratt was released. 4th. That on the 13th day of July, 1863, judgment was rendered for the plaintiff in the said action for $141.35. 5th. That on the 23d day of November, 1863, execution was issued against the person of the said Marratt, under the said judgment, but the sheriff made return that he could not be found. 6th. That said judgment has not been paid. Wherefore the plaintiff demanded judgment against the defendants for the sum of $141.35 and interest thereon, besides costs.

The defendants, in their answers, set forth the above facts and insisted that the recovery of the judgment against them, and the payment of the same, wholly discharged them from any liability upon or under the undertaking. The cause was tried at the circuit, before Justice E. D. SMITH, and a jury. The defendants moved for a nonsuit, which was denied, and the court directed a verdict for the plaintiff. The court ordered the exceptions to be heard at a general term, in the first instance.

*W. F. Cogswell*, for the plaintiff.

*G. F. Danforth*, for the defendant.

*By the Court*, E. DARWIN SMITH, J. Upon the arrest of Marratt, the defendant in the orignial action, he was entitled

to his discharge either upon giving bail or upon depositing
the amount of money ($500) specified in the order of arrest.
(§ 186 *of Code.*)   Instead of depositing the amount of money
specified in the order, he procured the defendants in this
action to give the undertaking prescribed in section 187 of
the code, in and by which they undertook and agreed that
he, the said Marratt, "should at all times render himself
amenable to the process of the court during the pendency of
the action, and to such process as might be issued to enforce
the judgment therein."   By force of this undertaking Mar-
ratt, in theory and legal effect, was committed to the custody
of his bail, the defendants in this action.   They were by the
terms of the undertaking to have his body always ready to
be taken upon execution or other process—at all times
"amenable to the process of the court in that action," till
final judgment should be rendered therein and be discharged
and satisfied by payment, or by the surrender of his body to
the sheriff in exoneration of the bail or the taking of the same
upon execution.   Such was their obligation.   When the
first judgment was rendered for the plaintiff, at special term,
the plaintiff was entitled to proceed against Marratt, and
upon execution properly issued thereupon, was entitled to
have his body taken or produced and delivered upon such
execution.   The execution against the body of Marratt,
therefore, was properly and lawfully issued upon such judg-
ment.   Instead of surrendering the body of Marratt on such
execution, the defendants elected to pay the amount of that
judgment of $359.59.   If they had surrendered the defend-
ant and he had been charged in execution, that would have
ended this liability.   But they preferred, it seems, to let him
take the chance of reversing the judgment upon an appeal
which was then pending and upon which no security was given
so as to stay execution.   The payment of that judgment
pending an appeal did not discharge their liability as bail.
If the defendant had prevailed upon the appeal, in the
reversal of said judgment, restitution would have been

awarded of the money so paid, and if their liability as bail had been discharged the plaintiff would have lost his bail even though he should recover a new judgment for the same or a larger amount, upon a second trial. The undertaking of the defendants was in legal effect that they would produce the body of Marratt whenever it should be called for by legal process in the action, or pay as a penalty for such neglect such sum of money as the plaintiff might be entitled to recover or receive in lieu of the body upon execution against Marratt. The defendant's liability upon their undertaking, I think, is precisely the same, to the extent of $500, as it would have been if they had been made the legal depositaries of the sum of $500 which Marratt was entitled under § 197 to deposit with the sheriff upon his arrest, instead of procuring bail. This deposit the sheriff, by § 198, was required to pay into court. This money, if paid to him and deposited, would have been retained in court till the final judgment was satisfied and then the balance, if any, by order of the court would have been restored to the defendant. (§ 200.) Now if the defendants had been the legal depositaries of this sum of $500 instead of the clerk, would it be pretended that they could lawfully have restored to Marratt the balance after payment of the judgment rendered at special term ; and while an appeal from said judgment brought by Marratt was still pending and undetermined, could Marratt have applied to the court for such money if the same had been in the hands of the clerk and been allowed to receive the balance of said sum of $500, while such appeal was pending and undetermined ? It is, I think, very clear that he could not have succeeded in any such application. The money must have been retained in court till entire satisfaction was had upon final judgment against Marratt; and it seems to me that the liability of the defendants is precisely the same, and they should be deemed as substitutes for the money which might have been so deposited. The undertaking was taken in lieu of the money. They may be assumed to have

received the said sum of $500 from Marratt for their indemnity as said bail, and clearly they could not have been required to restore it if it had been so received by them while the said appeal was pending and a further process against his body might be issued upon the affirmance of said judgment. If the plaintiff, upon the affirmance of the judgment in this court, had a right to issue execution against the body of Marratt, he had a right to require of the defendants that his body should be forth coming to be taken on such execution ; and if so, the defendants must be liable on their undertaking. The argument that there could be but one breach of this undertaking, and but one suit for its breach, I think is not tenable. The undertaking, by its terms, declares that the defendant Marratt· " shall at *all times* be amenable to the process of the court." This very language implies that he may be called for on more than one process. He is to be subject to any process lawfully issued in the cause, against his body. Process was lawfully issued upon the judgment rendered at special term and also upon the judgment of affirmance given at the general term, and if Marratt had appealed to the court of appeals and the judgment had been there affirmed, a third process against his body might lawfully have been issued in the action and the defendants would be bound to produce his body on the third process, or pay for such neglect till they had paid the full sum of $500, the amount fixed in the order to hold to bail and the amount specified in their undertaking. While the action was pending, Marratt must, I think, be deemed to be and remain in the custody of his bail, and they must be liable to be sued for his neglect to render himself in execution whenever legally his body was required ; and that as often as they failed to produce his body upon process against his body there was a breach of the undertaking until they had paid $500, or Marratt was in fact surrendered or charged upon execution. The obligation is several, as several executions may be issued, and was continuous, and depends

upon the demands of the law for the body of this principal. I think no error was committed at the circuit, and that judgment should be rendered upon the verdict for the plaintiff.

[MONROE GENERAL TERM, September 5, 1865. *James C. Smith, Johnson,* and *E. Darwin Smith,* Justices.]