TICONIC NATIONAL BANK *vs.* EDWARD E. BAGLEY.

Kennebec.   Decided June 6, 1878.

*Promissory notes.   Pleading.*

It is no defense to a suit against the maker of a negotiable promissory note by a national bank which had discounted the note for an indorser, that since the commencement of the suit the indorser has paid the bank and taken up the note and taken an assignment of the suit and is prosecuting it for his own benefit.

Such bank has power to free itself from litigation and realize its money on a protested note by such an arrangement.

Where there is no evidence of fraud or oppression, or any corrupt or improper motive, the owner of indorsed negotiable paper may maintain suit upon it against prior parties in the name of any person or party capable of giving the defendant a discharge, who will consent to the use of his name for that purpose.   It is not essential that a suit upon such paper should be brought or prosecuted in the name of one who has a personal interest in the enforcement of the promise.

Pleading the general issue in such suit admits the corporate existence of the bank and its capacity to sue.

While the right of the defendant to assert such legal and equitable defenses in a suit brought in the name of a nominal plaintiff, as he could maintain were the suit in the name of the real owner, will always be preserved, there being nothing in the case to show that the indorser or his executor, had he taken up the note at its maturity, could not have maintained an action upon it in his own name, *Held,* that he may lawfully get the benefit of any attachment made by the bank by procuring their consent to the prosecution of the suit in the name of the bank.

ON REPORT.

ASSUMPSIT.

*E. F. Webb,* for the plaintiffs.

*W. P. Whitehouse,* for the defendant.

BARROWS, J.   The case is presented to us for such judgment as the law and facts require upon a report consisting mainly of a statement of facts admitted, from which it appears that the suit is against defendant as promisor upon a note for $272, signed by him, dated September 1, 1874, and payable in one year after date to the order of one Mahan, who sold it to one Heath, for whom on the 19th of April, 1875, it was discounted by the plaintiffs,

being indorsed by Mahan and Heath, and being protested at maturity was passed to plaintiffs' attorney by their cashier, and this suit was commenced October 2, 1875, entered at the October term, answered to and continued, and defendant pleads the general issue.   The second indorser, Heath, died and his executor, at the request of the plaintiffs, on the 17th of February, 1876, paid the plaintiffs $283 and took up the note, but this suit was still continued in court, and on March 24, 1877, the plaintiffs by an assignment under seal, subscribed by their president, made over all their interest in the note and suit to Heath's executor, " with full power to prosecute said suit in the name of said bank, and to collect and discharge the same in the name of said bank, at his own pleasure, expense and risk."

This is all there is of the case, and it discloses no tenable defense. It has long been settled in this state that the promisor upon negotiable paper cannot avoid judgment against him in a suit upon his broken contract merely upon the ground that the person or party in whose name the suit is brought or prosecuted has no interest in the enforcement of the promise.

Provided the promisor is not thereby deprived of any just and legal defense or in any way defrauded or oppressed, he has no cause of complaint because his promise is construed, as it runs, to pay to the order of any person into whose hands it may lawfully fall.   Our decisions fully authorize the maintenance of a suit for the benefit of the owner and by his order in the name of any person competent to give the debtor a discharge who consents to the use of his name as plaintiff in the action ; and this even in cases where the owner or his agent has instituted the suit in the name of a nominal plaintiff without first getting his consent, provided the party whose name is thus used ratifies the act.

The point has been so often discussed and decided that anything beyond a citation of the authorities must needs be regarded as useless and repetitious.   *Marr* v. *Plummer*, 3 Maine, 73.   *Fisher* v. *Bradford*, 7 Maine, 28.   *Golder* v. *Foss*, 43 Maine, 364. *Granite Bank* v. *Ellis, id.* 367.   *Patten* v. *Moses*, 49 Maine, 255. *Demuth* v. *Cutler*, 50 Maine, 298.   *Lime Rock Bank* v. *Macomber*, 29 Maine, 564.   The defendant objects that no certificate of

organization of the bank under U. S. Laws or other evidence of its corporate existence or of its right to sue has been produced. None was necessary. The defendant pleaded the general issue, and that is such an admission of the plaintiffs' corporate existence and power to sue as precludes him from contesting them. *Inhts. of Orono* v. *Wedgewood,* 44 Maine, 49. *O. & L. R. R. Co.* v. *Veazie,* 39 Maine, 571. *P. & K. R. R. Co.* v. *Dunn, id.* 587. *Putnam Free School* v. *Fisher,* 30 Maine, 523. *Savage Man. Co.* v. *Armstrong,* 17 Maine, 34.

The suggestion of counsel, that the bank never had any interest in the note and that Heath or his executor procured the suit to be brought in the name of the bank because of fraud in the inception of the note, is not only unsupported by proof, but is in conflict with the admitted facts.

According to the doctrine and practice in the cases first herein cited, a suit brought or prosecuted in the name of a nominal plaintiff would be subject to the same legal and equitable defenses (mere technicalities perhaps excepted) as if brought in the name of the real owner. But it is no defense to an action on a promissory note that the property in it is in a third person, unless the possession of the plaintiff is *mala fide ;* (*Guernsey* v. *Burns,* 25 Wend. 411) or, in the words of our own court, unless there is evidence of fraud or oppression, or some corrupt or improper motive to take the case out of the general rule, which is declared in the cases first above cited. Now there is not a scintilla of evidence that this action could not have been maintained by Heath, or his executor, if he had taken up the note and withdrawn it from the bank prior to its commencement. It was competent for him to take it afterwards and get himself subrogated to whatever rights by attachment the bank may have secured, provided they would consent. *Brewer* v. *Franklin Mill,* 42 N. H. 292. *Norton* v. *Soule,* 2 Maine, 341.

The admission that the bank discounted the note for Heath deprives the suggestion, that their subsequent action in retransferring the note and suit to his executor was *ultra vires,* of all semblance of force. Whatever a natural person might lawfully do in closing up a transaction respecting an overdue and protested note,

the bank might do. *First Nat. Bank of Charlotte* v. *Nat. Exchange Bank of Baltimore*, 92 U. S. 122. It was competent for them to avoid the burden of this litigation, and secure for their stockholders the money due upon the note from any party who was liable to them upon it by just such a negotiation as this appears to have been. Nor does the payment by Heath's executor to the bank operate in any manner to discharge the contract or liability of the defendant.

Where suits are brought against the maker and indorser of a promissory note, and the indorser pays the amount, and it is agreed between the holder and the indorser that the suit against the maker shall be prosecuted for the benefit of the indorser, the maker cannot avail himself of the payment by the indorser as a defense in the suit against him. *Mechanics' Bank* v. *Hazard*, 13 Johns. 353.

There is no reason why the indorser should not make the same arrangement before suit commenced against himself with like effect. See, also, on this point *Jones* v. *Broadhurst*, 67 E. C. L. R. 173 (9 M. G. & Scott). *Randall* v. *Moon*, 74 E. C. L. R. 260 (12 C. B.) *Clason* v. *Morris*, 10 Johns. 524. And upon other matters incidentally arising in the case and not herein more particularly noticed, *Stevens* v. *Hill*, 29 Maine, 133, 135. *Folger* v. *Chase*, 18 Pick. 63.

*Defendant defaulted.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and PETERS, JJ., concurred.