(13 Misc. Rep. 493.)

CULLIFORD v. WALZER et al.

(Circuit Court, Rockland County. July, 1895.)

PARTY IN INTEREST—ACTION ON BAIL BOND.

After defendant had procured his release from arrest in a civil action by giving bail, judgment was rendered against him, and was affirmed by the general term. An appeal to the court of appeals was dismissed. Afterwards plaintiff sued on the bond given on the appeal to the general term, the bond given in the court of appeals having been canceled for fraud, and obtained judgment. While the action was pending, a new appeal was taken to the court of appeals, and another bond to stay execution of the judgments was given. *Held* that, notwithstanding the rights of the sureties on the appeal bonds to be subrogated to the rights of plaintiff against the bail, plaintiff was the real party in interest, and could sue on the bail bond for himself and as trustee for the sureties on the appeal bond, instead of each bringing a separate action.

Action by Elizabeth A. Culliford against Theodore A. Walzer and others on a bail bond. Judgment for plaintiff.

Spiegelberg & Wise, for plaintiff.
John A. Grow, for defendants.

GAYNOR, J. In an action by this plaintiff against one Gad in the superior court of New York City, the said defendant therein was taken under an order of arrest, and released on $1,000 bail. Thereafter judgment was obtained against him therein for $1,338.90. On appeal therefrom to the general term, he gave an undertaking staying execution. Judgment of affirmance and for $105.68 costs followed. 17 N. Y. Supp. 457. An appeal was taken to the court of appeals, and execution was stayed thereon until April 1, 1892, when the undertaking effecting the stay was canceled for fraud in the giving thereof, by an order of the superior court; and, on April 23d following, the appeal was dismissed by the court of appeals, and a judgment for $38.18 costs entered thereon. Meanwhile, on April 19th, executions against property had been issued upon the said first two judgments, and on April 25th a like execution was issued on the third judgment. On April 29th all of these executions were returned unsatisfied. The said defendant perfected a new appeal to the court of appeals thereafter, viz. May 11, 1892, by service of a new notice of appeal and undertaking to stay execution of the judgments. But on May 10th the plaintiff had begun an action on the undertaking given on the appeal to the general term. Only one of the sureties was served, and on June 1st judgment was taken against him on default for the amount of the said two first judgments and costs, viz. $1,573.64. Execution thereon was at once issued, but it was withdrawn after the sheriff had advertised property for sale, and the amount of the judgment was paid on or about August 30, 1892. At the time this judgment was entered, and the execution was issued, and the money paid, the stay on the said second appeal to the court of appeals was operative. This second appeal to the court of appeals resulted, on October 6, 1893, in a judgment of affirmance and for $110.34 costs. 35 N. E. 205. Execution thereon was issued and returned unsatisfied, and then, on March 11, 1893, executions against the person on all four judgments were issued, and they were returned "Defendant not found," on March 30th. Thereupon this action was begun by the plaintiff in the said action against Gad against the sureties in the bail undertaking to recover the $1,000 bail. The said undertaking covers not merely the principal judgment in that action, but also the said three succeeding judgments for costs on the several appeals. Appleby v. Robinson, 44 Barb. 316. It follows that the plaintiff is entitled, at all events, to recover herein the amount of the last two judgments, viz. one for $38.18, and the other for $110.34; for these were not included in his action upon the undertaking on appeal to the general term, and remain unpaid. In respect of the other two judgments, they were embraced in the said action. The surety against whom the judgment therein was obtained became vested, upon payment thereof, with the right of subrogation to the rights of this plaintiff under the said two judgments, to look for indemnity to the said bail undertaking of these

defendants. But, in place of so subrogating himself, he consented that the said judgments should stand in the name of the plaintiff, and that the rights and remedies thereunder, and also common to the plaintiff's two later judgments, should be enforced by the plaintiff. I think this may be done, and that the plaintiff is to be deemed herein the real party in interest to bring this action upon the said bail undertaking in whole, the proceeds to be received partly as his, and partly as trustee for the said surety on the appeal undertaking, instead of each bringing a separate action thereon. Bank v. Pierce, 137 N. Y. 444, 33 N. E. 557. The bail are primarily answerable to the plaintiff for $1,000 upon their undertaking, and the equities between him and the said surety on the appeal undertaking do not concern them.

I see nothing in the contention that the sureties on appeal in such a case are primarily liable, and not entitled to subrogation to the rights of the plaintiff under the first judgment to recover of the bail. The primary liability is upon the defendant in such a case, and then upon his bail if their undertaking be broken; and the sureties upon appeal, by paying the amount of their liability, are equitably subrogated to the plaintiff's right to enforce the liability of the bail.

Nor may the defendants herein object that the judgment was entered and the execution issued against the said surety on the appeal undertaking while the execution of the judgments against Gad was stayed by the second perfected appeal to the court of appeals, for that is no concern of theirs.

Judgment for plaintiff for $1,000. Ordered accordingly.