HATCH, J.
Plaintiff instituted an action against one Mont-, gomery Gadd, and procured "to' be issued therein an order of arrest, upon which -the person of.Gadd was taken in custody byi the sheriff. For the purpose of procuring his release from custody, defendants executed an undertaking of bail, in the sum of *693 $1,000, whereby they jointly and severally undertook, pursuant to the statute, that the said Gadd should at all times render himself amenable to the process of the court during the pendency of the action, and would at all times render himself amenable to any mandate which might be issued to enforce final judgment against him in the action. Final judgment was obtained against Gadd, and duly entered. From this judgment he appealed to the general term, where the same was affirmed, and judgment of affirmance, with costs, entered. 44 St. Rep. 222. From this determination he appealed to the court of appeals. This appeal was dismissed for fraud in the undertaking given to stay proceedings, and a judgment for costs was entered upon the dismissal. Subsequently he filed a new notice of appeal to the court of appeals, and procured the execution of ■ a new undertaking staying proceedings. ° This appeal was heard upon the merits, and resulted in a judgment of affirmance,- with costs, and judgment was duly entered thereon. Intermediate the dismissal of the appeal and the perfecting of the new one, property executions were issued upon the three judgments first referred to, and all were returned unsatisfied. Upon the affirmance of the judgment in the court of appeals, a property execution was issued upon the judgment entered therein, which was returned unsatisfied. Thereupon the plaintiff issued executions upon all of the judgments .'against the person of Gadd, and they were each returned by the sheriff as “ Not found.” Upon the first appeal to the general term, Gadd procured to be executed an undertaking staying proceedings, with Cornelius 0. Ellis and Franklin Wand as sureties therein. On the day before the last appeal was perfected in the court of appeals by the filing of the undertaking, plaintiff commenced an action against Ellis and Wand as sureties upon this undertaking. Service of the summons therein was made only upon Ellis. He made default, and judgment was entered against him for the amount of the recovery against Gadd, together with the sum entered in the judgment of affirmance at the general term and the costs of the action. This judgment was obtained and entered during the pendency of the last appeal in the court of appeals, and now remains wholly unsatisfied of record. None of the judgments obtained against Gadd have ever heen paid and the same now remain undischarged of record. Prior to the affirmance of the judgment in the court, of appeals, and while the appeal was pending therein, plaintiff issued an execution upon the judgment recovered against Ellis, under which a levy was made upon his real property, and the same advertised for sale. Thereupon Ellis made a motion to open his default, and for leave to file an answer. The motion was denied, but an order was entered providing that, upon payment by him of this judgment, with interest, disbursements, and sheriff’s fees upon the •execution, the plaintiff assign the judgments against Gadd, entered on the recovery and upon affirmance at the general term, together with any cause of action the plaintiff may have, against the present defendants, upon the undertaking now the subject of consideration. . Both parties disregarded this order, and thereafter *694 the attorney for Ellis paid to plaintiff’s attorney a sum of money about 'equaling the judgment entered against Ellis, and the parties agreed that the action then pending, upon appeal, against Gadd, should be prosecuted to a final determination for the benefit of Ellis, and that thereafter this action should be brought by and in the name of plaintiff, for her and Ellis’ benefit, and that plaintiff should account to Ellis for all moneys received by her. Thereupon the sheriff was directed by plaintiff’s attorney to withdraw the executions, and, upon the payment by Ellis of the expenses and fees, the same was withdrawn, and the levy released.
However involved and complex the various steps and proceedings which have been had make this case, it appears with absolute clearness that the primary liability to pay rested upon Gadd, and when judgment was rendered against him it was the contract of defendants that they would render his body amenable to process, or, in default thereof, pay the judgment, not exceeding the sum stated in the undertaking. This was the primary liability as between the parties hereto. Code Civ. Proc. § 575; Metcalf v. Stryker, 31 N. Y. 255-257. And the fact remains that, up to the.present time, neither Gadd nor the defendants have paid anything, although the judgments against the former remain in full force and vigor, and defendants have at no time produced his body, amenable to process. When plaintiff proceeded against the sureties in the undertaking on appeal, it did not affect the liability of Gadd to pay the judgment, and defendants, by virtue of their contract as bail, were under the same obligations to pay, after their liability became fixed, to the extent of their undertaking. When Ellis paid it did not work a discharge of their liabiltv, or affect their undertaking, or discharge the debt of Gadd, unless it was so intended. There was no privity between Ellis and the defendants. He paid to relieve himself from liability on the judgment, not to discharge the judgment against Gadd or relieve defendants. This position finds support in Madison Square Bank v. Pierce, 137 N. Y. 444; 51 St. Rep. 175, Bank v. Hazard, 13 Johns. 353.
It is said that these cases do not apply to the present case for the reason that the question arose between principal and surety, and not between surety and bail, and a distinction is sought to be made between sureties and bail. But it has been said that “bail are sureties, with the rights and remedies of sureties in other cases.” Toles v. Adee, 84 N. Y. 222. The facts found and the evidence disclosed that there was no intention upon the part of plaintiff or Ellis that his payment should operate as a discharge of defendants from liability. The intention to work such a result must be clear; otherwise, the liability remains where it primarily belongs. Bank v. Hallett, 8 Cow. 192; Dunford v. Weaver, 84 N. Y. 445; Mullen v. Eno, 14 id. 597-605. When Ellis paid, he undoubtedly became subrogated to all the rights which plaintiff had or could enforce against the primary debtors. The judgment and undertaking were not affected by the act of Ellis in releasing himself. They survived, and remained as available to him as to the plaintiff in the action. Townsend v. Whitney, 75 N. Y. 425.
*695 We quite agree with the claim that plaintiff “cannot have two -satisfactions.” But, because plaintiff cannot have this advantage, it does not relieve the defendants from paying once the amount they have contracted to pay. Upon the facts, it is quite clear that plaintiff is not to be paid twice. She has not assigned any judgment, nor her right of action against the defendants, nor has either --she or Ellis assumed to discharge defendants from liability. What has been done is this: She has accepted some money from Ellis, .and has agreed with him that she will prosecute this action for the joint benefit of both, accounting to him for what she receives in the end. Both • have an interest. It appears that she has never been paid her judgments for costs on the dismissal and costs on rthe affirmance of the judgment in the. court of appeals, and they were not mentioned in the order requiring her to- assign. These judgments remain undischarged, and, so far as appears, unimpaired by any agreement with Ellis. The liability of defendants is continuous for any judgment that may be obtained against Gadd, to the extent of the undertaking. Appleby v. Robinson, 44 Barb. 316. She has, therefore, a direct interest in the prosecution of this action. It may be, as stated, that she has received all the money that she is likely to receive; but that is not equivalent to saying that she is without interest. 'Because a part of the money is to go in payment of legal expenses does not deprive her of interest, as the presmmption is that she is personally liable for the expenses •of her lawsuit. In any event, whether she prosecutes for herself, or as trustee for Ellis, or as she does, in fact, in both capacities, •she is brought within the provisions of the law authorizing her to maintain the action. Code Civ. Proc. § 449; Madison Square Bank v. Pierce, 62 Hun, 493; 42 St. Rep. 832.
Defendants are not prejudiced by this result. By the terms of their undertaking they are required to pay $1,000 and no more. 'They are required to pay but once. When they have done that, they erect a complete barrier to any further demands upon them on account of this undertaking. Whether plaintiff gets the whole, ■a part, or nothing, is of no consequence to them, and is a matter in which they have no interest. As between plaintiff and Ellis, ■questions may arise; but that is ho concern of defendants, as they ■cannot be injured thereby.
We have examined the other questions raised by appellants but -find no error therein.
The judgment appealed from should be affirmed, with costs.
BROWN, P. J., and PRATT and BARTLETT, JJ., concur.