(20 Misc. Rep. 1.) •

### FOREST et al. v. DAVIS et al.

(City Court of New York, General Term. March 3, 1897.)

ACCORD AND SATISFACTION—RECEIPT OF PART PAYMENT.

    The mere giving by a debtor of his checks, payable in the future, for a sum less than his liquidated account, does not discharge him from his liability for the whole debt, though the creditor gives a receipt in full.

Appeal from trial term.

Action by Gabriel Forest and another against Abraham Davis and another for goods sold and delivered. There was a judgment for defendants, and plaintiffs appeal. Reversed.

· Argued before VAN WYCK, C. J., and O'DWYER, J.

Arthur A. Michell, for appellants.

Max D. Steuer, for respondents.

O'DWYER, J. The complaint alleges that on the 14th day of February, the 6th, 7th, 28th, and 30th days of March, the 8th and 19th days of April, and the 21st day of May, 1895, plaintiffs sold and delivered to the defendants, at their special instance and request, certain goods, wares, and merchandise, which were reasonably and fairly worth the sum of $216.88, which said sum defendants promised and agreed to pay therefor; that the defendants have paid, on account of said indebtedness, $89.78, leaving a balance due and owing from defendants to plaintiffs of $126.50, for which sum judgment is demanded. The only denial in the answer is "of any knowledge or information sufficient to form a belief as to the allegations of plaintiffs' co-partnership," alleged in the complaint. In the second paragraph of defendants' answer payment is pleaded as follows:

"They admit that they purchased goods from the plaintiffs, as in said .complaint set forth; but on the 17th day of July, 1895, they paid to the plaintiffs the sum of $125, in full of their indebtedness to the plaintiffs, and in full of all demands of the plaintiffs against the defendants, up to and.including that day."

On these pleadings, the cause of action set forth in the complaint was admitted, and the burden was on the defendants to sustain the defense of payment. On the trial plaintiffs called a witness to prove the co-partnership of the plaintiffs (a proceeding wholly unnecessary, for the reason that, upon the admission that defendants purchased goods from the plaintiffs as in said complaint set forth, it became immaterial whether plaintiffs were co-partners or not). On cross-examination of this·witness, a receipt signed by him with authority was put in evidence, and is as follows:

"N. Y., July 17th, 1895.

"Received of A. Davis & Company one hundred and twenty-five ($125.00) dollars, in settlement of account in full to date. Received payment.

"G. Forest & Co.,
"Per J. Maitral."

It appears from the evidence that the plaintiffs, at defendants' request, agreed to receive for their debt 60 cents on the dollar, defendants to pay this sum by three checks, payable in the future; and the receipt was given upon delivery of the checks to the plaintiffs. Two of these checks have been paid, and one, for $37.50, protested, and remains unpaid. This check was produced on the trial, but not returned to the defendants; and it is now insisted that the failure to return this check or tender its return on the trial is a bar to any recovery by the plaintiffs. Assuming a binding composition to have been ·made between these parties, we are of the opinion that, upon defendants' default of any of the conditions thereof, the plaintiffs had a right to rescind the same, and become immediately reinvested with the original debt; and, although they were bound to return the check in question on or before the trial, their failure to do so after the admitted default of the defendants to make the payments called for by the composition, did not defeat their right to recover upon the original debt. At most, the defendants could ask for a credit in the amount of the check.

We agree with the counsel for the respondents that the plaintiffs, having requested the court to direct a verdict, and not having asked leave to go to the jury, cannot now be heard to complain of the court's determination of the facts, if there is any evidence to support that determination. The verdict directed will be sustained the same as a finding of a jury, if there is evidence to justify it. The defense is payment. This is an affirmative defense, and the burden is upon the defendants to prove the same by a fair preponderance of evidence.

It is admitted that prior to July 17, 1895, the defendants were indebted to the plaintiffs in the sum of $216.88, for goods sold and delivered; that on or about that date plaintiffs agreed to accept 60 per cent. of the debt in payment to be made by the defendants delivering three. checks for different amounts, and payable at different times thereafter; that defendants did deliver three of their own checks, together amounting to 60 per cent. of the plaintiffs' debt, to the plain-

tiffs, and have paid two of them, and the remaining one has been protested and remains unpaid, and the receipt in evidence was given upon the delivery of those checks. There is no consideration shown for a discharge of all of defendants' indebtedness to the plaintiffs. Bank v. Hazard, 13 Johns. 353; Dederick v. Leman, 9 Johns. 333. The giving of defendants' own checks for a less sum than that due does not amount to a payment in full, and the receipt in full does not amount to a release from the balance of the debt. The plaintiffs were entitled to the full amount of their debt, and the defendants were bound to pay it. The fact that, instead of paying it at once, the defendants were permitted to give three checks for less than the debt, payable in the future, does not operate to discharge the debtors from their liability for the whole debt.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

VAN WYCK, C. J., concurs.