T.C. Memo. 2016-50

UNITED STATES TAX COURT

JAMES L. AVERY AND MARIA T. AVERY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16870-14.                          Filed March 17, 2016.

James L. Avery and Maria T. Avery, pro sese.

William J. Gregg, Deborah Aloof, and Bartholomew Cirenza, for
respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, Judge:  Respondent determined a deficiency of $9,975 in income
tax and a section 6662(a) accuracy-related penalty of $1,995 for 2011.  Petitioners,
husband and wife, timely filed a petition for redetermination in this Court.  After
concessions by respondent, the issues for decision are whether petitioners are (1)

[*2] entitled to a deduction for automobile expenses claimed on Schedule C, Profit or Loss From Business (sole proprietorship), and if not, (2) liable for the section 6662(a) accuracy-related penalty.  Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts are stipulated and are so found.  The stipulated facts and the accompanying exhibits are incorporated herein by this reference.  At the time they filed their petition, petitioners resided in Virginia.

PCB Technology Corp. (PCB) is an information technology (IT) company which has been in business for many years.  PCB filed a Form 1120, U.S. Corporation Income Tax Return, for 2011.[1]  Petitioner wife is the sole shareholder and president of PCB; petitioner husband is the executive vice president of PCB and the company's sole technician.  PCB operated out of the basement of petitioners' house.

---

[1]PCB's 2011 Form 1120 was prepared by Paul L. Karstetter of Stitely & Karstetter, certified public accountants.

[*3]   PCB's clients consist of Federal Government agencies and commercial companies. The General Services Administration (GSA) frequently audited payments made by Government agencies to PCB.

PCB provides onsite IT technical support services to its clients. During 2011 petitioner husband traveled daily by automobile to the worksites of PCB's clients. He performed most of his work on the client's site but on occasions had to return to PCB's office to use equipment housed there. He also drove to stores to purchase materials. PCB did not reimburse petitioner husband for his automobile expenses.[2] Petitioner husband claims he maintained a mileage log wherein he recorded the dates, number, and mileage of trips he made to PCB's clients' sites.

Petitioners engaged Max Taylor to prepare their 2011 Form 1040, U.S. Individual Income Tax Return. Mr. Taylor was referred to petitioners by acquaintances; petitioners were not familiar with Mr. Taylor's qualifications as a tax return preparer.[3]

---

[2]Petitioner wife did not attend the trial. Petitioner husband (who represented both petitioners) testified that petitioner wife did not want his automobile mileage expenses reported on PCB's Form 1120 because she worried about the ramifications of such an inclusion upon audit of PCB by GSA.

[3]Mr. Taylor is not a certified public accountant; petitioner husband did not know whether Mr. Taylor was an enrolled agent. Petitioner husband believes Mr. Taylor earned a Ph.D.; he did not know in what discipline the degree was earned.

**[*4]** Petitioner husband claims he gave his mileage log to Mr. Taylor, who prepared a Schedule C for him. The Schedule C reflected automobile expenses of $39,991. During 2011 petitioner husband was not self-employed and did not operate a sole proprietorship.[4] According to the Internal Revenue Service's (IRS) standard mileage rate for 2011, the reported $39,991 in automobile expenses would indicate petitioner husband drove approximately 75,000 miles for business in 2011.[5]

Respondent selected petitioners' 2011 Federal income tax return for examination. The IRS agent sought substantiation of petitioner husband's automobile expenses. Petitioner husband was unable to satisfy the examining agent, stating that he had lost his mileage log.

---

[4]Petitioners concede that claiming petitioner husband's automobile expenses on Schedule C was erroneous and that these expenses should have been reported on Schedule A, Itemized Deductions, as unreimbursed employee expenses.

[5]Sec. 1.274-5(g)(1), Income Tax Regs., provides that the Commissioner may prescribe (in pronouncements of general applicability) a standard mileage rate that a taxpayer may use in determining the amount of a deduction for business use of a passenger automobile. This rate is determined annually by the IRS. See Rev. Proc. 2010-51, 2010-51 I.R.B. 883. For January 1 through June 30, 2011, the rate was 51 cents per mile. Notice 2010-88, 2010-51 I.R.B. 882. For the balance of the year, the rate was 55.5 cents per mile. Announcement 2011-40, 2011-29 I.R.B. 56.

**[*5]**  Respondent mailed petitioners a notice of deficiency on April 28, 2014. Attached to the notice of deficiency was a Form 4549, Income Tax Examination Changes.  On that form respondent disallowed the $39,991 deduction claimed for automobile expenses.  Because the $39,991 was claimed on Schedule C, respondent assumed petitioner husband had operated a sole proprietorship and determined that petitioners owed self-employment tax of $4,912.  These determinations resulted in a deficiency in income tax of $9,975.  Respondent further determined a section 6662(a) accuracy-related penalty of $1,995. Respondent now concedes that (1) petitioner husband did not operate a sole proprietorship during 2011 and thus petitioners are not liable for the self-employment tax, and (2) to the extent petitioner husband can substantiate his claimed automobile expenses, the automobile expenses may be deducted on Schedule A.

A trial in this matter was held on September 28, 2015.  Petitioner husband was petitioners' only witness.  Petitioner husband did not produce his mileage log. Instead he introduced (1) a list of the names of PCB's clients for which he rendered services and invoices relating thereto, (2) receipts for the servicing and repair of the automobile that he used for business travel, and (3) a list reflecting his estimated business mileage from January through April 2011.

**[*6]**                                    OPINION

I.      Petitioners' Automobile Expenses

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace and are allowable only as specifically provided by statute. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of proving that they are entitled to any deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. at 440.

Section 162(a) allows a deduction from income for all ordinary and necessary expenses for carrying on a trade or business, but a taxpayer is generally required to keep records sufficient to establish the amounts of the items reported on his/her tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Automobile expense deductions are subject to the strict substantiation requirements of section 274(d). Section 274(d)(4) provides, among other things, that no deduction may be allowed with respect to any property listed in section 280F(d)(4) unless the taxpayer establishes: (A) the amount of the expense or other item, (B) the time and place of the use of the property, (C) the business purpose of

[*7] the expense, and (D) the business relationship to the taxpayer of the person using the property. Sec. 274(d) (flush language); Kinney v. Commissioner, T.C. Memo. 2008-287; sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Listed property includes passenger automobiles. Sec. 280F(d)(4)(A)(i).

Deductions arising from property subject to the strict substantiation requirements of section 274(d) are disallowed in full unless the taxpayer satisfies each element of those requirements. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969); Fleming v. Commissioner, T.C. Memo. 2010-60; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

A taxpayer may substantiate his/her deductions by adequate records or by sufficient evidence that corroborates his/her own statements. Sec. 274(d) (flush language). To satisfy the adequate records requirement, a taxpayer must maintain records and documentary evidence that in combination sufficiently establishes each element of an expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A contemporaneous log is not required, but

**[*8]** corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high degree of probative value to elevate such statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure or use supported by sufficient documentary evidence. The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain the records, together with documentary evidence, as provided in * * * [the regulations].

Id. para. (c)(1), 50 Fed. Reg. 46016-46017.  In the absence of adequate records, a taxpayer may alternatively establish an element by his own statement including specific information in detail combined with other corroborative evidence sufficient to establish the element.  Id. subpara. (3).

Petitioner husband did not produce his mileage log at trial.  Instead, he introduced several documents to substantiate his claimed business mileage.  The first of these documents was a worksheet listing the names and addresses of PCB's clients and an estimate of the total mileage driven with respect to each client.  However, this worksheet did not explain how he had calculated the mileage driven.  The second document introduced included a series of receipts for expenses he incurred with respect to maintaining his automobile.  Some of these receipts included odometer readings, but they gave no indication of petitioner husband's business use of the automobile.  The third document was a customer transaction list detailing client invoicing and payment dates for each month of

[*9] 2011.  Attached to the list were worksheets on which petitioner husband (1) reconstructed the dates he had visited PCB's clients, (2) estimated the number of daily visits he made to each client, and (3) estimated the mileage driven from January through April  2011.[6]  Petitioner husband acknowledged that his recollection as to the number of trips he made to the client sites was not reliable and that the number of trips shown on a particular day might in fact reflect the number of trips he made to the client site during the entire month.  Petitioner

---

[6]As an example, in the January 2001 worksheet, petitioner husband listed clients he visited on 11 days, driving a total of 4,860 miles:

| Date | Customer | Round trip mileage | Visits | Total miles |
|---|---|---|---|---|
| 1/1 | Service Neon Signs | 11 | 28 | 308 |
| 1/1 | Int. Broadcasting Bureau | 21 | 26 | 546 |
| 1/1 | Adv. Pulmonary Critical Care | 14 | 22 | 308 |
| 1/1 | Capital Womans Care | 14 | 8 | 112 |
| 1/5 | Apple Store | 13 | 12 | 156 |
| 1/6 | Capital Womans Care | 14 | 12 | 168 |
| 1/11 | Cedar PC | 42 | 16 | 672 |
| 1/13 | USIA State Dept. | 21 | 9 | 189 |
| 1/14 | Annandale Balancing | 5 | 21 | 105 |
| 1/17 | Annandale Balancing | 5 | 22 | 110 |
| 1/20 | Capital Womans Care | 42 | 10 | 420 |
| 1/20 | Misc 1 Time Cust. | 37 | 11 | 407 |
| 1/20 | North VA Cardiology Assoc. | 16 | 9 | 144 |
| 1/20 | VA Medical Accute Care | 11 | 14 | 154 |
| 1/26 | OSHA | 23 | 9 | 207 |
| 1/28 | Annandale Balancing | 5 | 9 | 45 |
| 1/28 | Misc 1 Time Cust. | 11 | 16 | 176 |
| 1/28 | VA Medical Accute Care | 11 | 12 | 132 |
| 1/28 | Apple Store | 14 | 14 | 196 |
| 1/31 | Annandale Balancing | 5 | 61 | 305 |

Total mileage driven      4,860

**[*10]** husband further acknowledged that he did not keep records regarding the number of daily site visits with respect to clients who had ongoing maintenance contracts with PCB.

We do not doubt that petitioner husband drove to the worksites of PCB's clients. But he failed to satisfy the adequate record requirements of section 274(d). Petitioner husband's recollection of the number of client site trips and the mileage involved does not reach the degree of probative value necessary for us to accept his statements as credible. Consequently, we sustain respondent's disallowance of petitioners' claimed deduction for automobile expenses.

## II.    Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioners were liable for an accuracy-related penalty of $1,995 for 2011. Section 6662(a) imposes a 20% accuracy-related penalty on any portion of an underpayment attributable to, inter alia, negligence or disregard of rules or regulations, subsec. (b)(1), or a substantial understatement of income tax, subsec. (b)(2). Negligence as used in section 6662(b)(1) is defined as any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec 1.6662-3(b)(1), Income Tax Regs.

[*11] Section 7491(c) provides that the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose the section 6662(a) accuracy-related penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Respondent has met his burden of production with respect to petitioners' negligence in that petitioners failed to provide any documentation to substantiate petitioner husband's claimed automobile expense deductions.

A taxpayer may avoid liability for the accuracy-related penalty if the taxpayer demonstrates that he/she had reasonable cause for the underpayment and acted in good faith with respect to the underpayment. Sec. 6664(c)(1). Reasonable cause and good faith are determined on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners assert that they relied on Mr. Taylor in filing their 2011 income tax return. Reliance on professional advice may constitute reasonable cause and good faith, but "it must be established that the reliance was reasonable." Freytag v. Commissioner, 89 T.C. 849, 888 (1987), aff'd on another issue, 904 F.2d 1011 (5th Cir. 1990), aff'd, 501 U.S. 868 (1991); see also United States v. Boyle, 469

**[\*12]** U.S. 241, 251 (1985); sec. 1.6664-4(b)(1), Income Tax Regs.  We have

defined "reasonable" as follows:

> In sum, for a taxpayer to rely reasonably upon advice so as
> possibly to negate a section 6662(a) accuracy-related penalty
> determined by the Commissioner, the taxpayer must prove by a
> preponderance of the evidence that the taxpayer meets each
> requirement of the following three-prong test:  (1) The adviser was a
> competent professional who had sufficient expertise to justify
> reliance, (2) the taxpayer provided necessary and accurate
> information to the adviser, and (3) the taxpayer actually relied in good
> faith on the adviser's judgment. * * *

Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299

F.3d 221 (3d Cir. 2002).

Petitioners failed to provide any evidence to establish that they met the

three-prong test of Neonatology Assocs., P.A.  As to the first prong of the test,

petitioners failed to present evidence to establish Mr. Taylor's qualifications as a

tax return preparer.  Mr. Taylor did not testify; and when asked, petitioner husband

was unable to state Mr. Taylor's background or qualifications as a tax return

preparer.  Indeed, Mr. Taylor's improper use of Schedule C, making it appear that

petitioner husband was in business as a sole proprietor, is troublesome.

As to the second prong of the test, petitioners did not establish that they

provided Mr. Taylor with all necessary and accurate information to prepare their

2011 tax return.  Petitioner husband was unable to explain the loss of the mileage

**[*13]** log or provide evidence that such a log was kept (for example by showing logs from earlier and later years). We also question the accuracy of the number of miles claimed to have been driven by petitioner husband for business. Petitioner husband asserts he drove 4,860 miles in January and 1,125 miles on January 20 alone. See supra note 6. Without documentation to substantiate these claimed mileage amounts, we cannot accept with any degree of certainty that petitioners provided Mr. Taylor with accurate information.

As to the third prong, we are mindful that PCB has been in business for many years. Presumably, petitioners knew petitioner husband was an employee of PCB. We believe petitioners should have questioned the reporting of petitioner husband's automobile expenses on Schedule C. We thus conclude that petitioners failed to show that they acted with reasonable cause and in good faith.

To reflect the concessions of respondent,

Decision will be entered under

Rule 155.